| | |
|---|---|
| XAVIER BECERRA<br>Attorney General of California<br>MICHAEL P. CAYABAN<br>Supervising Deputy Attorney General<br>PHILLIP M. HOOS, State Bar No. 288019<br>M. ELAINE MECKENSTOCK, State Bar No. 268861<br>MICHAEL S. DORSI, State Bar No. 281865<br>Deputy Attorneys General<br> 455 Golden Gate Avenue, Suite 11000<br> San Francisco, CA 94102-7004<br> Telephone: (415) 510-3802<br> Fax: (415) 703-5480<br> E-mail: Michael.Dorsi@doj.ca.gov<br>*Attorneys for State Defendants*[1] | DELFINO, MADDEN, O'MALLEY, COYLE &<br>KOEWLER LLP<br>MONICA HANS FOLSOM, State Bar No. 227379<br>KRISTIN IVANCO, State Bar No. 294993<br> 500 Capitol Mall, Suite 1550<br> Sacramento, CA 95814<br> Telephone: (916) 661-5700<br> Fax: (916) 661-5701<br> E-mail: mfolsom@delfinomadden.com<br>     kivanco@delfinomadden.com<br>*Attorneys for WCI, Inc. Defendants*[2] |

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE UNITED STATES OF AMERICA,<br><br>                                   Plaintiff,<br><br>            v.<br><br>THE STATE OF CALIFORNIA; GAVIN C. NEWSOM, in his official capacity as Governor of the State of California; THE CALIFORNIA AIR RESOURCES BOARD; MARY D. NICHOLS, in her official capacity as Chair of the California Air Resources Board and as Vice Chair and a board member of the Western Climate Initiative, Inc.; WESTERN CLIMATE INITIATIVE, INC.; JARED BLUMENFELD, in his official capacity as Secretary for Environmental Protection and as a board member of the Western Climate Initiative, Inc.; KIP LIPPER, in his official capacity as a board member of the Western Climate Initiative, Inc., and RICHARD BLOOM, in his official capacity as a board member of the Western Climate Initiative, Inc.,<br><br>                                   Defendants. | 2:19-cv-02142-WBS-EFB<br><br>**EX PARTE APPLICATION TO SHORTEN TIME ON SCHEDULING MOTION AND EXTEND TIME TO RESPOND TO MOTION FOR SUMMARY JUDGMENT**<br><br>Courtroom:   5<br>Judge:        Hon. William B. Shubb<br><br>Action Filed: October 23, 2019<br>Trial Date:   Not Set |

---

[1] The State Defendants are the State of California; Gavin C. Newsom, in his official capacity as Governor of the State of California; the California Air Resources Board; Mary D. Nichols, in her official capacity as Chair of the California Air Resources Board; and Jared Blumenfeld, in his official capacity as Secretary for Environmental Protection.

[2] The WCI, Inc. Defendants are the Western Climate Initiative, Inc. ("WCI, Inc."), Mary D. Nichols, in her official capacity as Vice Chair and a board member of WCI, Inc., and Jared Blumenfeld, Kip Lipper, and Richard Bloom, in their official capacities as board members of WCI, Inc.

1

TO THE COURT, ALL PARTIES AND THEIR ATTORNEYS:

PLEASE TAKE NOTICE that all Defendants apply ex parte for an order (1) shortening time for briefing of and hearing on their Motion to Take Plaintiff's Motion for Summary Judgment Off Calendar, or in the Alternative, to Continue Plaintiff's Motion (the "Scheduling Motion"), ECF Doc. 15, and (2) providing an initial six-week extension of time for Defendants to respond to Plaintiff's Motion for Summary Judgment, ECF Doc. 12, that is the subject of the Scheduling Motion.

On December 11, 2019, Plaintiff the United States of America moved for summary judgment, and Defendants' response to the summary judgment motion is currently due December 30, 2019. Because this Motion for Summary Judgment raises questions of first impression in rarely visited areas of constitutional law, and was submitted before a planned Motion to Dismiss that, if granted, would relieve several defendants of the need to brief these questions, Defendants filed their Scheduling Motion, asking the Court to take the summary judgment motion off calendar until after resolution of the Motion to Dismiss. Defendants filed this as a noticed motion because the Court's Local Rules do not indicate that such relief can be granted ex parte. *See* Local Rule 144(c).

This application is to ensure that the Court may decide the Scheduling Motion before Defendants must respond to the Motion for Summary Judgment and to provide Defendants with immediate and interim relief so that they can prepare their responsive pleadings by the January 6, 2020 deadline set by stipulation, while accommodating other work and personal commitments in the next two months. Defendants request an order:

- Shortening time for briefing on the Scheduling Motion, with opposition due on Wednesday, December 18, 2019, at noon Pacific Time, and reply due on Friday, December 20, 2019, with hearing at the Court's discretion; and

- Extending time for Defendants' Response to the Motion for Summary Judgment from December 30, 2019, to February 10, 2020.

///

///

Defendants notified Plaintiff of this ex parte application on December 12, 2019, the day after Plaintiff's service of the Motion for Summary Judgment. On December 13, 2019, Plaintiff's counsel advised that Plaintiff will oppose the ex parte motion to shorten time and will insist on the completion of summary judgment briefing before the Court has an opportunity to consider Defendants' motion to dismiss.

Dated: December 13, 2019

Respectfully submitted,

XAVIER BECERRA
Attorney General of California
MICHAEL P. CAYABAN
Supervising Deputy Attorney General

*/s/ Michael S. Dorsi*
MICHAEL S. DORSI
Deputy Attorney General
*Attorneys for State Defendants*

DELFINO, MADDEN, O'MALLEY, COYLE & KOEWLER LLP

*/s/ Monica Hans Folsom* (as authorized on December 13, 2019)
MONICA HANS FOLSOM
*Attorneys for WCI, Inc. Defendants*

3

EX PARTE APPLICATION TO SHORTEN TIME ON SCHEDULING MOTION AND EXTEND TIME TO RESPOND TO MOTION FOR SUMMARY JUDGMENT (2:19-cv-02142-WBS-EFB)

## MEMORANDUM OF POINTS AND AUTHORITIES

### INTRODUCTION

Plaintiff the United States of America moved for summary judgment on two of its constitutional challenges to a long-standing aspect of a vital state program. This motion, ECF Doc. 12, raises questions of first impression in rarely addressed areas of constitutional law and is accompanied by documents so extensive that they could not be submitted via electronic filing, ECF Doc. 12-3. Despite multiple overtures from Defendants to negotiate a briefing schedule, the United States insisted on filing its summary judgment motion on December 11, 2019 without a scheduling agreement. As a consequence, under the current schedule, Defendants have 18 days, spanning the Christmas holiday, to prepare their opposition and related papers. And during those 18 days, Defendants would also have to prepare responsive pleadings in this case (due, by stipulation, on or before January 6, 2020) in addition to their substantial work obligations in other cases, as well as pre-existing plans to be out of the office.

Federal courts have the power to extend and shorten time for good cause shown, as it is here. Defendants separately moved to take Plaintiff's summary judgment motion off calendar so that it can be briefed after the Court resolves motions to dismiss. *See* Motion to Take Plaintiff's Motion for Summary Judgment Off Calendar or, in the Alternative, to Continue Plaintiff's Motion, ECF Doc. 15, (the "Scheduling Motion"). Multiple Defendants, including Western Climate Initiative, Inc. (WCI, Inc.) and its board members, plan to move to dismiss on the basis that they are not properly named in this lawsuit and should not be burdened with opposing a motion for summary judgment. Defendants also seek additional time to ensure thorough examination of the unusual and complex issues raised in Plaintiff's complaint and motion before this Court rules on the constitutionality of a long-standing component of California's cap-and-trade program. In addition, Defendants need the time to evaluate the evidence offered in support of Plaintiffs' Motion for Summary Judgment, whether Defendants need to conduct formal or informal discovery in order to respond to Plaintiff's motion, and to evaluate whether Defendants should file a cross-motion for summary judgment concurrently with their opposition to Plaintiff's

///

4

EX PARTE APPLICATION TO SHORTEN TIME ON SCHEDULING MOTION AND EXTEND TIME TO
RESPOND TO MOTION FOR SUMMARY JUDGMENT (2:19-cv-02142-WBS-EFB)

1  motion. Plaintiff has offered no reason why the important but unusual questions raised by that
2  challenge must now be resolved in an irregular, rushed manner.

3      Defendants present this application to permit the Court to decide the Scheduling Motion
4  before the summary judgment motion is briefed. The ordinary briefing schedule would result in
5  the Scheduling Motion not being heard until after the Summary Judgment motion is fully briefed,
6  rendering the Scheduling Motion moot. To avoid this, Defendants ask that the Scheduling
7  Motion be heard on shortened time. Specifically, Defendants propose briefing the Scheduling
8  Motion within two weeks, with opposition due mid-day on December 18, 2019, and reply due on
9  December 20, 2019. Additionally, to allow the Court to decide the Scheduling Motion before
10 Defendants' opposition to the summary judgment motion is due, and to permit Defendants to
11 focus on their responsive pleadings, evaluate Plaintiffs' motion, identify and secure evidence
12 needed to oppose the motion (and potential cross-motion), and accommodate pre-existing
13 professional and personal schedule conflicts in December and January, Defendants request an
14 interim extension of the time, to February 10, 2020, for their summary judgment opposition.

15 **BACKGROUND**

16     Plaintiff the United States of America filed this action on October 23, 2019. Plaintiff
17 challenges the linkage of California's cap-and-trade program with that of Quebec, which does
18 nothing more than create additional allowance trading flexibility for regulated parties and allow
19 for coordinated allowance auctions. The decisions to link these programs were made in 2013, and
20 the programs have operated with the linkage in place since January 1, 2014. (More information
21 on this, and on Plaintiff's challenges, is contained in Defendants' Scheduling Motion, ECF Doc.
22 15, and, in the interest of brevity, is not repeated here.)

23     Plaintiff sued ten defendants. Five are state entities or officials: the State of California;
24 Governor Gavin C. Newsom, in his official capacity as Governor of the State of California; the
25 California Air Resources Board; Mary D. Nichols, in her official capacity as Chair of the
26 California Air Resources Board; and Jared Blumenfeld, in his official capacity as Secretary for
27 Environmental Protection. Complaint (ECF Doc. 1), at ¶¶10–13, 16. These State Defendants are
28 jointly represented by the California Attorney General's Office. ECF Doc. 10. The other five

5

EX PARTE APPLICATION TO SHORTEN TIME ON SCHEDULING MOTION AND EXTEND TIME TO
RESPOND TO MOTION FOR SUMMARY JUDGMENT (2:19-cv-02142-WBS-EFB)

defendants are the Western Climate Initiative, Inc. (WCI, Inc.); Mary D. Nichols, in her official capacity as Vice Chair and a board member of WCI, Inc.; and Jared Blumenfeld, Kip Lipper, and Richard Bloom, in their official capacities as board members of WCI, Inc. *Id.* at ¶¶13–18. These WCI, Inc. Defendants are represented by the law firm of Delfino, Madden, O'Malley, Coyle & Koewler LLP. ECF Doc. 14.

Before all Defendants had retained counsel, counsel for the State Defendants approached the United States about the need to extend the deadline to respond to the Complaint. Once all Defendants had retained counsel, all parties agreed to a stipulation to extend time to answer or move to dismiss. *See* Stipulation and [Proposed] Order Extending Time for Defendants to Respond to Complaint or Amended Complaint (ECF Doc. 8). In that stipulation, the parties represented to the Court that due to, among other things, the need to coordinate among Defendants, and "busy schedules and personal commitments during the upcoming holiday season[,]" the date for pleadings responding to the operative complaint should be extended to January 6, 2020. *See id.* at p. 2. This Court (Judge Mendez) signed the stipulation and extended the responsive pleading deadline accordingly. ECF Doc. 11.

On November 19, 2019, the United States filed an amended complaint. ECF Doc. 7. After an opportunity to review the amended complaint, defense counsel reached out for further scheduling discussion. Although this Court had scheduled the initial case management statement for February 13, 2020 and the initial scheduling conference for March 2, 2020, ECF Doc. 3, Plaintiff informed Defendants that it intended to file its Motion for Summary Judgment, set for hearing on January 13, before any answer or motion to dismiss under the standard briefing schedule provided by the Local Rules. *See* Declaration of Elaine Meckenstock ("Meckenstock Decl.") (ECF Doc. 15-1), ¶15. When Plaintiff's summary judgment motion was delayed by several days, defense counsel indicated that Defendants planned to seek scheduling relief from the Court but expressed continued willingness to negotiate a schedule instead. *Id.* ¶16. Plaintiff declined the overture and filed its Motion for Summary Judgment on Wednesday, December 11, 2019. Motion for Summary Judgment (ECF Doc. 12).

///

6

EX PARTE APPLICATION TO SHORTEN TIME ON SCHEDULING MOTION AND EXTEND TIME TO RESPOND TO MOTION FOR SUMMARY JUDGMENT (2:19-cv-02142-WBS-EFB)

## LEGAL STANDARDS

Federal courts have broad authority to extend time limits for good cause shown before the relevant time period has expired. Fed. R. Civ. P. 6(b)(1)(A). A federal court also may, on an ex parte application showing good cause, set shortened time for a hearing. Fed. R. Civ. P. 6(c)(1)(C); *see United States v. Fitch*, 472 F.2d 548, 549 (9th Cir. 1973). Because applications for orders shortening time typically must be considered on an expedited basis to have effect, they are routinely brought on ex parte calendars. *See In re Intermagnetics Am., Inc.*, 101 B.R. 191, 194 (C.D. Cal. 1989) (describing such motions as "hybrid ex parte applications" because the responding party receives notice). This Court's Local Rules authorize granting ex parte applications for orders shortening time when the moving parties show "a satisfactory explanation for the need for the issuance of such an order and for the failure of counsel to obtain a stipulation for the issuance of such an order from other counsel . . . ." E.D. Cal. L.R. 144(e). This Court also permits initial ex parte extensions of time when an extension cannot be obtained and the extension is reasonably necessary. E.D. Cal. L.R. 144(c). Both shortening and extending time require good cause, "a non-rigorous standard that has been construed broadly across procedural and statutory contexts." *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1259 (9th Cir. 2010).

## ARGUMENT

### A. The Court Should Shorten the Time for Briefing the Scheduling Motion to Ensure that the Briefing Is Completed Before the Motion Becomes Moot.

There is good cause for shortening the time for briefing the Scheduling Motion. Because the Motion for Summary Judgment was filed on December 11, 2019, without a scheduling agreement, Defendants' opposition to that motion is currently due on December 30, 2019. Consequently, without an order shortening time, Defendants will be compelled to draft and file their opposition to the summary judgment motion before the briefing on the Scheduling Motion can even be completed, mooting Defendants' request to take the summary judgment motion off calendar or continue it. Thus, Defendants request that the Court shorten time on the Scheduling Motion. Defendants' proposed schedule—opposition by December 18, 2019, at 3:00 p.m. Eastern Time (noon Pacific), reply by December 20, 2019, and a hearing at the Court's discretion

7

thereafter—would permit resolution of the schedule in as little as two weeks. All Defendants agreed to this schedule, and offered to stipulate or make accommodations with Plaintiff's counsel, but Plaintiff refused. Meckenstock Decl., (ECF No. 15-1) ¶¶ 18-19.

### B. The Court Should Preliminarily Extend the Schedule for Hearing and Briefing the Summary Judgment Motion to Ensure that the Scheduling Motion Will Be Decided Before Becoming Moot

For the same and additional reasons, there is good cause for granting an initial, interim extension on Defendants' opposition to the pending summary judgment motion.

In their Scheduling Motion, Defendants seek to take the summary judgment motion off calendar, or to continue the motion, because they require time to evaluate the motion and to develop their responses. The summary judgment motion raises questions of first impression under two constitutional provisions, the Treaty Clause and the Compact Clause, that courts have rarely addressed. Plaintiffs are unable to cite even a single case that actually has applied the Treaty Clause, and while they cite a few Compact Clause cases, the decisions in that area are sparse. *See* Motion for Summary Judgment (ECF Doc. 12), pp. 14:22–25. Indeed, in 1978, the Supreme Court noted that it "did not have occasion" to apply one of its holdings concerning the scope of the Compact Clause between 1893 and 1976. *U. S. Steel Corp. v. Multistate Tax Commission*, 434 U.S. 452, 459-60 (1978). Moreover, Plaintiff invokes Congress' consideration of interstate compacts dating back more than sixty years. Defendants should not be deprived of the time to review the original source materials, academic commentary, and historical practice needed to develop legal arguments, and factual evidence, in the largely unexplored areas Plaintiff invokes.

Defendants also need time to examine the extensive factual material that Plaintiff has submitted. Although Plaintiff asserts that its Motion for Summary Judgment is based exclusively on legal arguments, ECF Doc. 12-1, p. 2:5–13, the motion is supported by voluminous documents, including 34 exhibits delivered separately on a flash drive because they are too voluminous for submission via the Court's electronic filing system. ECF Doc. 12-3, p. 2. Plaintiff's Motion relies extensively on these documents. *See, e.g.*, ECF Doc. 12, pp. 17:22–18:4. Defendants must be permitted adequate time to review these documents and determine whether

8

EX PARTE APPLICATION TO SHORTEN TIME ON SCHEDULING MOTION AND EXTEND TIME TO RESPOND TO MOTION FOR SUMMARY JUDGMENT (2:19-cv-02142-WBS-EFB)

there are any factual disputes and also whether they need to conduct any discovery relating to the documents.

In addition, Defendants' ability to conduct this examination and evaluation is constrained by their busy schedules and personal commitments. Plaintiff recognized that difficulty coordinating among counsel and with clients over the holidays was good cause to extend the time for responding to the complaint to January 6, 2020, even though that is a much more limited task than opposing the summary judgment motion in this case. *See* Stipulation (ECF Doc. 8), p. 2.

Unless the time for filing the opposition to the summary judgment motion is extended, Defendants will be forced to evaluate and develop arguments concerning the novel legal issues in the rarely addressed areas invoked by Plaintiff, to examine the voluminous documents submitted by Plaintiff, and to prepare opposition papers, all over the Christmas holiday, in order to meet the current December 30, 2019 deadline. This schedule is unreasonable in light of the volume of work required as well as the reasons that Plaintiff previously recognized as justifying an extension. Indeed, those reasons are magnified both because Defendants have had to prepare these requests for extensions and must now respond to *both* the Amended Complaint and the Motion for Summary Judgment before mid-January. For these reasons, and to allow the parties and the Court to address the longer-term scheduling issues raised in Defendants Scheduling Motion, Defendants' respectfully request an initial extension of the time for filing Defendants' opposition to Plaintiff's summary judgment motion.

**C.    This Application Is Presented in Good Faith and Will Not Prejudice Plaintiff.**

"[R]equests for extensions of time made before the applicable deadline has passed should 'normally ... be granted in the absence of bad faith on the part of the party seeking relief or prejudice to the adverse party.'" *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1259 (9th Cir. 2010) (quoting Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1165 (3d ed. 2004)). There is no bad faith or prejudice here. As shown above, Defendants have a good faith basis for seeking to have their Scheduling Motion heard before they are required to prepare an opposition to Defendants' summary judgment motion and a good faith basis for

9

EX PARTE APPLICATION TO SHORTEN TIME ON SCHEDULING MOTION AND EXTEND TIME TO
RESPOND TO MOTION FOR SUMMARY JUDGMENT (2:19-cv-02142-WBS-EFB)

requesting an initial, interim extension of time for that opposition to provide Defendants immediate relief from the unreasonable schedule that currently exists and to allow the Court to address the longer-term relief sought in the Scheduling Motion.

Nor will Plaintiff suffer any prejudice from delay.  Although Plaintiff has chosen to take the unusual step of filing a motion for summary judgment before the close of the pleadings, it nowhere suggests any hardship or need for expedited resolution of the motion.  Indeed, the linkage challenged by the United States became operational nearly six years ago.  There is no harm in waiting another few months to ensure full and fair consideration of the constitutionality of that linkage.

## CONCLUSION

In fairness to all Defendants, including those wrongly named, this Court should:

- Shorten time for briefing the Scheduling Motion so that the opposition is due on Wednesday, December 18, 2019, at 3:00 p.m. Eastern Time (noon Pacific), and the reply on Friday, December 20, 2019, with hearing at the Court's discretion; and

- Extend time for submitting Defendants' Response to the Motion for Summary Judgment from December 30, 2019, to February 10, 2020.

Dated:  December 13, 2019

Respectfully submitted,

XAVIER BECERRA
Attorney General of California
MICHAEL P. CAYABAN
Supervising Deputy Attorney General

*/s/ Michael S. Dorsi*
MICHAEL S. DORSI
Deputy Attorney General
*Attorneys for State Defendants*

DELFINO, MADDEN, O'MALLEY, COYLE & KOEWLER LLP

*/s/ Monica Hans Folsom* (as authorized on December 13, 2019)
MONICA HANS FOLSOM
*Attorneys for WCI, Inc. Defendants*

OK2019105727

10