1 | XAVIER BECERRA
Attorney General of California
2 | MICHAEL P. CAYABAN
Supervising Deputy Attorney General
3 | PHILLIP M. HOOS, State Bar No. 288019
M. ELAINE MECKENSTOCK, State Bar No. 268861
4 | MICHAEL S. DORSI, State Bar No. 281865
Deputy Attorneys General
5 |   455 Golden Gate Avenue, Suite 11000
San Francisco, CA  94102-7004
6 | Telephone:  (415) 510-3802
Fax: (415) 703-5480
7 | E-mail:  Michael.Dorsi@doj.ca.gov
*Attorneys for State Defendants*[1]
8 |

9 | IN THE UNITED STATES DISTRICT COURT

10 | FOR THE EASTERN DISTRICT OF CALIFORNIA

11 |

| | |
|---|---|
| THE UNITED STATES OF AMERICA, | 2:19-cv-02142-WBS-EFB |
| Plaintiff, | **ANSWER TO AMENDED COMPLAINT BY DEFENDANTS:** |
| v. | **(1) STATE OF CALIFORNIA, BY AND THROUGH THE CALIFORNIA AIR RESOURCES BOARD;** |
| THE STATE OF CALIFORNIA; GAVIN C. NEWSOM, in his official capacity as Governor of the State of California; THE CALIFORNIA AIR RESOURCES BOARD; MARY D. NICHOLS, in her official capacity as Chair of the California Air Resources Board and as Vice Chair and a board member of the Western Climate Initiative, Inc.; WESTERN CLIMATE INITIATIVE, INC.; JARED BLUMENFELD, in his official capacity as Secretary for Environmental Protection and as a board member of the Western Climate Initiative, Inc.; KIP LIPPER, in his official capacity as a board member of the Western Climate Initiative, Inc., and RICHARD BLOOM, in his official capacity as a board member of the Western Climate Initiative, Inc., | **(2) GAVIN C. NEWSOM, IN HIS OFFICIAL CAPACITY AS GOVERNOR OF THE STATE OF CALIFORNIA;** |
| | **(3) THE CALIFORNIA AIR RESOURCES BOARD; AND** |
| | **(4) MARY D. NICHOLS, IN HER OFFICIAL CAPACITY AS CHAIR OF THE CALIFORNIA AIR RESOURCES BOARD** |
| | Courtroom:  5 |
| | Judge:     Hon. William B. Shubb |
| Defendants. | Action Filed:  October 23, 2019 |
| | Trial Date:   Not Set |

[1] The State Defendants are the State of California; Gavin C. Newsom, in his official capacity as Governor of the State of California; the California Air Resources Board; Mary D. Nichols, in her official capacity as Chair of the California Air Resources Board; and Jared Blumenfeld, in his official capacity as Secretary for Environmental Protection.  This Answer is filed on behalf of all State Defendants except Secretary Blumenfeld.

1

1

**ANSWER**

2

Defendants the State of California, by and through the California Air Resources Board

3

("CARB"); Gavin C. Newsom, in his official capacity as Governor of the State of California;

4

CARB; and Mary D. Nichols, in her official capacity as Chair of CARB (collectively, the

5

"Answering Defendants"), by and through their attorneys, answer the Amended Complaint filed

6

November 19, 2019 by Plaintiff the United States of America as follows:

7

**NATURE OF ANSWER ON BEHALF OF STATE OF CALIFORNIA**

8

Defendant State of California answers the Amended Complaint by and through CARB

9

because CARB is the state agency that implements and enforces California's cap-and-trade

10

program. *See State of California v. Superior Court*, 12 Cal. 3d 237, 255 (1974) ("Insofar as

11

[plaintiff] seeks a review of the Commission's denial of its permit, only the Commission and its

12

members may set aside the decision" and "the petition contains no allegations establishing any

13

right to declaratory relief against the state (as distinguished from the Commission acting as its

14

agent) or against the Commission employees in this regard."); *see also California By & Through*

15

*Brown v. Envtl. Prot. Agency*, 940 F.3d 1342, 1350 n.1 (D.C. Cir. 2019) (noting that California,

16

and some other states, participated by and through designated state agencies and officials).

17

**ANSWER TO ALLEGATIONS IN AMENDED COMPLAINT**

18

1.   The allegations in Paragraph 1 of the Amended Complaint are legal conclusions to which

19

no response is required.  To the extent a response is warranted, the Answering Defendants deny

20

each and every allegation contained in Paragraph 1 of the Amended Complaint.

21

2.   The allegations contained in Paragraph 2 purport to quote a court decision and state legal

22

conclusions, and therefore no response is required.  To the extent a response is required, the

23

Answering Defendants answer that this court decision speaks for itself and deny any allegation

24

that goes beyond that court decision.

25

3.   The allegations contained in Paragraph 3 purport to describe a document and state legal

26

conclusions, and therefore no response is required.  To the extent a response is required, the

27

Answering Defendants answer that the document speaks for itself and deny any allegation that

28

goes beyond the document.

4.   The allegations in Paragraph 4 of the Amended Complaint are legal conclusions to which no response is required.  To the extent a response is warranted, the Answering Defendants deny each and every allegation contained in Paragraph 4 of the Amended Complaint.

5.   The allegations in Paragraph 5 of the Amended Complaint are legal conclusions to which no response is required.  To the extent a response is warranted, the Answering Defendants deny each and every allegation contained in Paragraph 5 of the Amended Complaint.

6.   The Answering Defendants admit that Plaintiff's claims arise under the United States Constitution, and Plaintiff is the United States of America.  To the extent that Plaintiff alleges anything further in this Paragraph, the remaining allegations in Paragraph 6 of the Amended Complaint are legal conclusions to which no response is required.  To the extent a response is warranted, the Answering Defendants deny each and every remaining allegation contained in Paragraph 6 of the Amended Complaint.

7.   The Answering Defendants admit that defendants Newsom, CARB, and Nichols maintain offices in this District.  To the extent that Plaintiff alleges anything further in this Paragraph, those allegations appear to be legal conclusions to which no response is required.  To the extent that Plaintiff alleges any further factual allegations in this Paragraph, the Answering Defendants are unable to discern what Plaintiff means to allege, and on that basis deny all remaining allegations in Paragraph 7.

8.   The allegations in Paragraph 8 of the Amended Complaint are legal conclusions to which no response is required.  To the extent a response is warranted, the Answering Defendants deny each and every allegation contained in Paragraph 8 of the Amended Complaint.

9.   The allegations in Paragraph 9 of the Amended Complaint are legal conclusions to which no response is required.  To the extent a response is warranted, the Answering Defendants deny each and every allegation contained in Paragraph 9 of the Amended Complaint.

10. The Answering Defendants admit the allegation contained in Paragraph 10 of the Amended Complaint.

11. The Answering Defendants admit Gavin C. Newsom is the Governor of the State of California.  The remaining allegations in Paragraph 11 of the Amended Complaint are legal

conclusions to which no response is required.  To the extent a response is warranted, the Answering Defendants deny each and every allegation contained in Paragraph 11 of the Amended Complaint.

12. The allegations in the second sentence of Paragraph 12 of the Amended Complaint are legal conclusions to which no response is required.  To the extent a response is warranted, the Answering Defendants deny each and every allegation contained in the second sentence of Paragraph 12 of the Amended Complaint.  The Answering Defendants admit the remaining allegations contained in Paragraph 12.

13.  The Answering Defendants admit that Mary D. Nichols is chair of CARB and Vice Chair and a voting board member of the Western Climate Initiative, Inc.  The allegation in Paragraph 13 that Defendant Nichols is "sued in her official capacities" constitutes a legal conclusion to which a response is not required and also reflects theories of liability for which Answering Defendants also lack sufficient information and belief, and on those grounds, the Answering Defendants deny said allegation.

14. The Answering Defendants admit that defendant Western Climate Initiative, Inc. is a non-profit corporation formed pursuant to the General Corporation Law of the State of Delaware and headquartered in Sacramento, California.  Beyond these statements, the allegations contained in Paragraph 14 purport to quote documents and state legal conclusions, and therefore no response is required.  To the extent a response is required, the Answering Defendants answer that these documents speak for themselves and deny any allegation that goes beyond those documents.

15. The first sentence in Paragraph 15 states legal conclusions to which no response is required.  To the extent a response is required, the Answering Defendants deny those allegations. The second and third sentences in Paragraph 15 purport to quote a document and state legal conclusions, and therefore no response is required.  To the extent a response is required, the Answering Defendants answer that the document speaks for itself and deny any allegation that goes beyond that document.

16.  The allegation in Paragraph 16 that Defendant Blumenfeld is "sued in his official capacities" constitutes a legal conclusion to which a response is not required and also reflects a

4

theory of liability for which Answering Defendants also lack sufficient information and belief, and on those grounds, the Answering Defendants deny said allegation.  The Answering Defendants admit the remaining allegations contained in Paragraph 16.

17. The allegation in Paragraph 17 that Defendant Lipper is "sued in his official capacity" constitutes a legal conclusion to which a response is not required and also reflects a theory of liability for which Answering Defendants also lack sufficient information and belief, and on those grounds, the Answering Defendants deny said allegation.  The Answering Defendants admit the remaining allegations contained in Paragraph 17.

18. The allegation in Paragraph 18 that Defendant Bloom is "sued in his official capacity" constitutes a legal conclusion to which a response is not required and also reflects a theory of liability for which Answering Defendants also lack sufficient information and belief, and on those grounds, the Answering Defendants deny said allegation.  The Answering Defendants admit the remaining allegations contained in Paragraph 18.

19. Paragraph 19 explains the short form naming convention applied by Plaintiff in its Amended Complaint and no response is required.  To the extent a response is required, the Answering Defendants deny any allegation that goes beyond Plaintiff's attempt to apply a short name collectively for all defendants.

20. The allegations contained in Paragraph 20 purport to quote the text of the United States Constitution and state legal conclusions, and therefore no response is required.  To the extent a response is required, the Answering Defendants answer that as to its text, the Constitution speaks for itself, and the Answering Defendants deny any allegation that goes beyond the text of the Constitution.

21. The allegations contained in Paragraph 21 purport to quote the text of the United States Constitution and state legal conclusions, and therefore no response is required.  To the extent a response is required, the Answering Defendants answer that as to its text, the Constitution speaks for itself, and the Answering Defendants deny any allegation that goes beyond the text of the Constitution.

22. The allegations contained in Paragraph 22 purport to quote a court decision and state legal conclusions, and therefore no response is required. To the extent a response is required, the Answering Defendants answer that this court decision speaks for itself and deny any allegation that goes beyond that court decision.

23. The allegations contained in Paragraph 23 purport to quote the text of the United States Constitution and state legal conclusions, and therefore no response is required. To the extent a response is required, the Answering Defendants answer that as to its text, the Constitution speaks for itself, and the Answering Defendants deny any allegation that goes beyond the text of the Constitution.

24. The allegations contained in Paragraph 24 purport to quote the text of the United States Constitution and state legal conclusions, and therefore no response is required. To the extent a response is required, the Answering Defendants answer that as to its text, the Constitution speaks for itself, and the Answering Defendants deny any allegation that goes beyond the text of the Constitution.

25. The allegations contained in Paragraph 25 purport to describe a court decision and state legal conclusions, and therefore no response is required. To the extent a response is required, the Answering Defendants answer that this court decision speaks for itself and deny any allegation that goes beyond that court decision.

26. The allegations in Paragraph 26 of the Amended Complaint are legal conclusions to which no response is required. To the extent a response is warranted, the Answering Defendants deny each and every allegation contained in Paragraph 26 of the Amended Complaint.

27. The allegations contained in Paragraph 27 purport to quote the text of the United States Constitution and state legal conclusions, and therefore no response is required. To the extent a response is required, the Answering Defendants answer that as to its text, the Constitution speaks for itself, and the Answering Defendants deny any allegation that goes beyond the text of the Constitution.

28. The allegations contained in Paragraph 28 purport to quote the text of the United States Constitution and state legal conclusions, and therefore no response is required. To the extent a

6

response is required, the Answering Defendants answer that as to its text, the Constitution speaks for itself, and the Answering Defendants deny any allegation that goes beyond the text of the Constitution.

29. The allegations contained in Paragraph 29 purport to quote the text of the United States Constitution and state legal conclusions, and therefore no response is required.  To the extent a response is required, the Answering Defendants answer that as to its text, the Constitution speaks for itself, and the Answering Defendants deny any allegation that goes beyond the text of the Constitution.

30. The allegations contained in Paragraph 30 purport to quote the text of the United States Constitution and state legal conclusions, and therefore no response is required.  To the extent a response is required, the Answering Defendants answer that as to its text, the Constitution speaks for itself, and the Answering Defendants deny any allegation that goes beyond the text of the Constitution.

31. The allegations contained in Paragraph 31 purport to quote a court decision and state legal conclusions, and therefore no response is required.  To the extent a response is required, the Answering Defendants answer that this court decision speaks for itself and deny any allegation that goes beyond that court decision.

32. The allegations contained in Paragraph 32 purport to describe a court decision and state legal conclusions, and therefore no response is required.  To the extent a response is required, the Answering Defendants answer that this court decision speaks for itself and deny any allegation that goes beyond that court decision.

33. The allegations contained in Paragraph 33 purport to describe or quote court decisions and state legal conclusions, and therefore no response is required.  To the extent a response is required, the Answering Defendants answer that the court decisions speak for themselves and deny any allegation that goes beyond those court decisions.

34. The Answering Defendants admit that the President signed the UNFCCC, and the Senate unanimously ratified the UNFCCC.  The remaining allegations contained in Paragraph 34 purport to describe a document and state legal conclusions, and therefore no response is required.  To the

7

1  extent a response is required, the Answering Defendants answer that the document speaks for
2  itself and deny any allegation that goes beyond that document.

3      35. The allegations in Paragraph 35 of the Amended Complaint are legal conclusions to which
4  no response is required.  To the extent a response is warranted, the Answering Defendants deny
5  each and every allegation contained in Paragraph 35 of the Amended Complaint.

6      36. The allegations contained in Paragraph 36 purport to describe a document and state legal
7  conclusions, and therefore no response is required.  To the extent a response is required, the
8  Answering Defendants answer that the document speaks for itself and deny any allegation that
9  goes beyond that document.

10     37. The allegations contained in Paragraph 37 purport to describe a document and state legal
11 conclusions, and therefore no response is required.  To the extent a response is required, the
12 Answering Defendants answer that the document speaks for itself and deny any allegation that
13 goes beyond that document.

14     38. The allegations contained in Paragraph 38 purport to describe a document and state legal
15 conclusions, and therefore no response is required.  To the extent a response is required, the
16 Answering Defendants answer that the document speaks for itself and deny any allegation that
17 goes beyond that document.

18     39. The allegations contained in Paragraph 39 purport to describe a document and state legal
19 conclusions, and therefore no response is required.  To the extent a response is required, the
20 Answering Defendants answer that the document speaks for itself and deny any allegation that
21 goes beyond that document.

22     40. The Answering Defendants admit that the President never submitted the Kyoto Protocol
23 for ratification, and the Senate unanimously passed S. Res. 98, 105th Cong. (1997).  The
24 remaining allegations contained in Paragraph 40 purport to describe documents and state legal
25 conclusions, and therefore no response is required.  To the extent a response is required, the
26 Answering Defendants answer that the documents speak for themselves and deny any allegation
27 that goes beyond those documents.

28

ANSWER TO AMENDED COMPLAINT BY DEF'S STATE OF CALIFORNIA, GAVIN C. NEWSOM AS
GOVERNOR; CARB, AND MARY D. NICHOLS AS CHAIR OF CARB (2:19-cv-02142-WBS-EFB)

1    41. The Answering Defendants admit that the parties to the UNFCCC agreed to the Paris

2    Climate Agreement by consensus on December 12, 2015.  As to footnote 1, the footnote explains

3    the short form naming convention applied by Plaintiff in its Amended Complaint, and no

4    response is required.

5    42. The allegations contained in Paragraph 42 purport to describe a document and state legal

6    conclusions, and therefore no response is required.  To the extent a response is required, the

7    Answering Defendants answer that the document speaks for itself and deny any allegation that

8    goes beyond that document.

9    43. The allegations contained in Paragraph 43 purport to describe a document and state legal

10    conclusions, and therefore no response is required.  To the extent a response is required, the

11    Answering Defendants answer that the document speaks for itself and deny any allegation that

12    goes beyond that document.

13    44. The Answering Defendants admit that the President signed the Paris Climate Agreement

14    in September 2016.  To the extent that Plaintiff alleges anything further in this Paragraph, the

15    Answering Defendants are unable to discern what Plaintiff means to allege, and on that basis

16    deny all remaining allegations in this Paragraph.

17    45. The Answering Defendants admit that the President signed Executive Order 13,783 on

18    March 28, 2017.  The remaining allegations contained in Paragraph 45 purport to describe a

19    document and state legal conclusions, and therefore no response is required.  To the extent a

20    response is required, the Answering Defendants answer that the document speaks for itself and

21    deny any allegation that goes beyond that document.

22    46. The allegations contained in Paragraph 46 purport to quote a document and state legal

23    conclusions, and therefore no response is required.  To the extent a response is required, the

24    Answering Defendants answer that the document speaks for itself and deny any allegation that

25    goes beyond that document.

26    47. The Answering Defendants admit the President gave a statement concerning withdrawal

27    from the Paris Climate Agreement on June 1, 2017.  The allegations contained in Paragraph 47

28    purport to describe that statement and state legal conclusions, and therefore no response is

9

required.  To the extent a response is required, the Answering Defendants answer that the text of the statement speaks for itself and deny any allegation that goes beyond that text.

48. The allegations contained in Paragraph 48 purport to describe a statement by the President and state legal conclusions, and therefore no response is required.  To the extent a response is required, the Answering Defendants answer that the text of the statement speaks for itself and deny any allegation that goes beyond that text.

49. The Answering Defendants admit the first sentence of Paragraph 49.  The Answering Defendants lack sufficient information and belief concerning events that have not yet occurred and are not certain, and on that basis deny the second sentence of Paragraph 49.

50. The allegations contained in Paragraph 50 purport to describe a written statement by the Secretary of State and state legal conclusions, and therefore no response is required.  To the extent a response is required, the Answering Defendants answer that the text of the statement speaks for itself and deny any allegation that goes beyond that text.

51. The allegations contained in Paragraph 51, except the last sentence, purport to quote from and describe documents, and therefore no response is required.  To the extent a response is required, the Answering Defendants answer that these documents speak for themselves and deny any allegation that goes beyond those documents.  The last sentence in Paragraph 51 of the Amended Complaint states a legal conclusion to which no response is required.  To the extent a response is warranted, the Answering Defendants deny each and every allegation contained in the last sentence of Paragraph 51 of the Amended Complaint.

52. The allegations contained in Paragraph 52 purport to describe a public statement and state legal conclusions, and therefore no response is required.  To the extent a response is required, the Answering Defendants answer that the text of the statement speaks for itself and deny any allegation that goes beyond that text.

53. The Answering Defendants admit that California, by and through one or more of the Defendants, has reached several non-binding understandings with national and subnational governments in China regarding or touching upon environmental issues after the President's announcement of intent to withdraw from the Paris Climate Agreement.  The remaining

10

1    allegations in Paragraph 53 of the Amended Complaint are legal conclusions to which no

2    response is required.  To the extent a response is warranted, the Answering Defendants deny each

3    and every allegation contained in Paragraph 53 of the Amended Complaint.

4        54. The Answering Defendants admit that on June 6, 2017, the Governor of California met

5    with the President of the People's Republic of China, and engaged in discussions that included

6    environmental issues.  To the extent that Plaintiff alleges anything further in this Paragraph, the

7    Answering Defendants are unable to discern what Plaintiff means to allege, and on that basis

8    deny all remaining allegations in Paragraph 54.

9        55. The allegations contained in Paragraph 55 purport to describe a document and state legal

10    conclusions, and therefore no response is required.  To the extent a response is required, the

11    Answering Defendants answer that the document speaks for itself and deny any allegation that

12    goes beyond that document.  As to footnote 2, the footnote identifies a website and alleges that an

13    attached document "amalgamates text from" the website.  The Answering Defendants admit that

14    the website exists, but lack sufficient information and belief concerning what Plaintiff means by

15    "amalgamates" and on that basis deny all remaining allegations in footnote 2.

16        56. The allegations contained in Paragraph 56 purport to describe a document and website and

17    state legal conclusions, and therefore no response is required.  To the extent a response is

18    required, the Answering Defendants answer that the document and website speak for themselves

19    and deny any allegation that goes beyond that document and that website.

20        57. The allegations contained in Paragraph 57 purport to describe documents and state legal

21    conclusions, and therefore no response is required.  To the extent a response is required, the

22    Answering Defendants answer that the documents speaks for themselves and deny any allegation

23    that goes beyond those documents.

24        58. The allegations contained in Paragraph 58 purport to quote a statute and state legal

25    conclusions, and therefore no response is required.  To the extent a response is required, the

26    Answering Defendants answer that this statute speaks for itself and deny any allegation that goes

27    beyond that statute.

28

ANSWER TO AMENDED COMPLAINT BY DEF'S STATE OF CALIFORNIA, GAVIN C. NEWSOM AS
GOVERNOR; CARB, AND MARY D. NICHOLS AS CHAIR OF CARB (2:19-cv-02142-WBS-EFB)

1    59. The allegations in Paragraph 59 of the Amended Complaint are legal conclusions to which

2    no response is required.  To the extent a response is warranted, the Answering Defendants deny

3    each and every allegation contained in Paragraph 59 of the Amended Complaint.

4    60. This Paragraph explains a naming convention applied by Plaintiff.  No response is

5    required.  To the extent that a response is required, the Answering Defendants deny that this is an

6    accurate or thorough description of California's Cap-and-Trade program.  To the extent that

7    Plaintiff alleges anything further in this Paragraph, the Answering Defendants are unable to

8    discern what Plaintiff means to allege, and on that basis deny all remaining allegations in this

9    Paragraph.

10    61. The allegations contained in Paragraph 61 purport to describe regulations and state legal

11    conclusions, and therefore no response is required.  To the extent a response is required, the

12    Answering Defendants answer that the regulations speak for themselves and deny any allegation

13    that goes beyond the regulations.

14    62. The allegations contained in Paragraph 62 purport to describe regulations and state legal

15    conclusions, and therefore no response is required.  To the extent a response is required, the

16    Answering Defendants answer that the regulations speak for themselves and deny any allegation

17    that goes beyond the regulations.

18    63. The allegations contained in Paragraph 63 purport to describe regulations and state legal

19    conclusions, and therefore no response is required.  As to the first sentence, to the extent a

20    response is required, the Answering Defendants answer that the regulations speak for themselves

21    and deny any allegation that goes beyond the regulations.  As to the second sentence, the

22    statement is vague, ambiguous, and may be a legal conclusion to which no response is required.

23    To the extent that a response to the second sentence is required, the Answering Defendants deny

24    all allegations in the second sentence.

25    64. The allegations contained in Paragraph 64 purport to describe regulations and state legal

26    conclusions, and therefore no response is required.  To the extent a response is required, the

27    Answering Defendants answer that the regulations speak for themselves and deny any allegation

28    that goes beyond the regulations.

65. The allegations contained in Paragraph 65 purport to describe regulations and state legal conclusions, and therefore no response is required. To the extent a response is required, the Answering Defendants answer that the regulations speak for themselves and deny any allegation that goes beyond the regulations.

66. The allegations contained in Paragraph 66 purport to describe regulations and state legal conclusions, and therefore no response is required. To the extent a response is required, the Answering Defendants answer that the regulations speak for themselves and deny any allegation that goes beyond the regulations.

67. The allegations contained in Paragraph 67 purport to describe regulations and state legal conclusions, and therefore no response is required. To the extent a response is required, the Answering Defendants answer that the regulations speak for themselves and deny any allegation that goes beyond the regulations.

68. The allegations in Paragraph 68 of the Amended Complaint are legal conclusions to which no response is required. The allegations in this Paragraph are also vague because they use terms which appear to be terms of art, but are not defined. To the extent a response is warranted, the Answering Defendants deny each and every allegation contained in Paragraph 68 of the Amended Complaint.

69. The allegations in Paragraph 69 of the Amended Complaint are legal conclusions to which no response is required. The allegations in this Paragraph are also vague because they use terms which appear to be terms of art, but are not defined. To the extent a response is warranted, the Answering Defendants deny each and every allegation contained in Paragraph 69 of the Amended Complaint.

70. The allegations contained in Paragraph 70 purport to describe a document and state legal conclusions, and therefore no response is required. To the extent a response is required, the Answering Defendants answer that the document speaks for itself and deny any allegation that goes beyond the document.

71. The allegations contained in Paragraph 71 purport to describe a document and state legal conclusions, and therefore no response is required. To the extent a response is required, the

13

1   Answering Defendants answer that the document speaks for itself and deny any allegation that

2   goes beyond the document.

3       72. The allegations contained in Paragraph 72 purport to describe a document and state legal

4   conclusions, and therefore no response is required.  To the extent a response is required, the

5   Answering Defendants answer that the document speaks for itself and deny any allegation that

6   goes beyond the document.

7       73. The allegations contained in Paragraph 73 purport to describe regulations and state legal

8   conclusions, and therefore no response is required.  To the extent a response is required, the

9   Answering Defendants answer that the regulations speak for themselves and deny any allegation

10  that goes beyond the regulations.

11      74. The allegations contained in Paragraph 74 purport to describe regulations and state legal

12  conclusions, and therefore no response is required.  To the extent a response is required, the

13  Answering Defendants answer that the regulations speak for themselves and deny any allegation

14  that goes beyond the regulations.

15      75. The allegations contained in Paragraph 75 purport to describe regulations and state legal

16  conclusions, and therefore no response is required.  To the extent a response is required, the

17  Answering Defendants answer that the regulations speak for themselves and deny any allegation

18  that goes beyond the regulations.

19      76. The allegations contained in Paragraph 76 purport to describe regulations and state legal

20  conclusions, and therefore no response is required.  To the extent a response is required, the

21  Answering Defendants answer that the regulations speak for themselves and deny any allegation

22  that goes beyond the regulations.

23      77. The allegations contained in Paragraph 77 purport to describe regulations and state legal

24  conclusions, and therefore no response is required.  To the extent a response is required, the

25  Answering Defendants answer that the regulations speak for themselves and deny any allegation

26  that goes beyond the regulations.

27      78. The allegations contained in Paragraph 78 purport to describe regulations and state legal

28  conclusions, and therefore no response is required.  To the extent a response is required, the

1    Answering Defendants answer that the regulations speak for themselves and deny any allegation

2    that goes beyond the regulations.

3        79. The allegations contained in Paragraph 79 purport to describe a document and state legal

4    conclusions, and therefore no response is required.  To the extent a response is required, the

5    Answering Defendants answer that the document speaks for itself and deny any allegation that

6    goes beyond the document.

7        80. The Answering Defendants cannot discern Plaintiff's allegation with respect to the phrase

8    "reciprocal undertaking" in Paragraph 80, and on those grounds deny the allegations in said

9    sentence.  In addition, the allegations contained in Paragraph 80 are legal conclusions to which no

10   response is required.  To the extent a response is warranted, the Answering Defendants deny each

11   and every allegation contained in Paragraph 80 of the Amended Complaint.

12       81. The allegations contained in Paragraph 81 purport to describe a document and state legal

13   conclusions, and therefore no response is required.  To the extent a response is required, the

14   Answering Defendants answer that the document speaks for itself and deny any allegation that

15   goes beyond the document.

16       82. The allegations contained in Paragraph 82 purport to describe a document and state legal

17   conclusions, and therefore no response is required.  To the extent a response is required, the

18   Answering Defendants answer that the document speaks for itself and deny any allegation that

19   goes beyond the document.

20       83. The allegations in Paragraph 83 of the Amended Complaint are legal conclusions to which

21   no response is required.  To the extent a response is warranted, the Answering Defendants deny

22   each and every allegation contained in Paragraph 83 of the Amended Complaint.

23       84. The allegations in Paragraph 84 of the Amended Complaint are legal conclusions applied

24   to hypothetical situations, to which no response is required.  To the extent a response is

25   warranted, the Answering Defendants deny each and every allegation contained in Paragraph 84

26   of the Amended Complaint.

27       85. The allegations contained in Paragraph 85 purport to describe regulations and state legal

28   conclusions, and therefore no response is required.  To the extent a response is required, the

15

1    Answering Defendants answer that the regulations speak for themselves and deny any allegation

2    that goes beyond the regulations.

3    86. The allegations contained in Paragraph 86 purport to describe a document and state legal

4    conclusions, and therefore no response is required.  To the extent a response is required, the

5    Answering Defendants answer that the document speaks for itself and deny any allegation that

6    goes beyond the document.

7    87. The allegations in Paragraph 87 of the Amended Complaint are legal conclusions to which

8    no response is required.  To the extent a response is warranted, the Answering Defendants deny

9    each and every allegation contained in Paragraph 87 of the Amended Complaint.

10    88. The allegations contained in Paragraph 88 purport to describe a document and state legal

11    conclusions, and therefore no response is required.  To the extent a response is required, the

12    Answering Defendants answer that the document speaks for itself and deny any allegation that

13    goes beyond the document.

14    89. The allegations in Paragraph 89 of the Amended Complaint are legal conclusions to which

15    no response is required.  The allegations in this Paragraph are also vague because they use terms

16    which appear to be terms of art, but are not defined.  To the extent a response is warranted, the

17    Answering Defendants deny each and every allegation contained in Paragraph 89 of the Amended

18    Complaint.

19    90. The Answering Defendants deny that CARB's and Quebec's respective cap-and-trade

20    programs are governed by the referenced agreement.  To the extent that Plaintiff alleges anything

21    further in Paragraph 90, the Answering Defendants are unable to discern what Plaintiff means to

22    allege, and on that basis no response is required.  To the extent a response is warranted, the

23    Answering Defendants deny each and every allegation contained in Paragraph 90 of the Amended

24    Complaint.

25    91. The allegations contained in Paragraph 91 purport to describe a document, a statute, and a

26    regulation, and state legal conclusions, and therefore no response is required.  To the extent a

27    response is required, the Answering Defendants answer that the document, statute, and regulation

28

ANSWER TO AMENDED COMPLAINT BY DEF'S STATE OF CALIFORNIA, GAVIN C. NEWSOM AS
GOVERNOR; CARB, AND MARY D. NICHOLS AS CHAIR OF CARB (2:19-cv-02142-WBS-EFB)

1    speak for themselves and deny any allegation that goes beyond the document, statute, or

2    regulation.

3        92. The Answering Defendants admit that Quebec is currently the only jurisdiction apart from

4    California that can issue allowances and offsets that CARB will accept.  The remaining

5    allegations in Paragraph 92 of the Amended Complaint are legal conclusions to which no

6    response is required.  To the extent a response is warranted, the Answering Defendants deny each

7    and every allegation contained in the remaining sentences of Paragraph 92 of the Amended

8    Complaint.

9        93. The allegations in Paragraph 93 of the Amended Complaint purport to describe a

10   document and state legal conclusions, and therefore no response is required.  To the extent a

11   response is required, the Answering Defendants answer that the document speaks for itself and

12   deny any allegation that goes beyond that document.

13       94. The allegations in Paragraph 94 of the Amended Complaint are legal conclusions to which

14   no response is required.  To the extent a response is warranted, the Answering Defendants deny

15   each and every allegation contained in Paragraph 94 of the Amended Complaint.

16       95. The allegations in Paragraph 95 of the Amended Complaint are legal conclusions to which

17   no response is required.  To the extent a response is warranted, the Answering Defendants deny

18   each and every allegation contained in Paragraph 95 of the Amended Complaint.

19       96. The allegations contained in Paragraph 96 purport to describe a document and state legal

20   conclusions, and therefore no response is required.  To the extent a response is required, the

21   Answering Defendants answer that the document speaks for itself and deny any allegation that

22   goes beyond the document.

23       97. The Answering Defendants admit that CARB and Quebec have jointly auctioned

24   allowances and that as of August 20, 2019, twenty joint auctions had taken place.  The Answering

25   Defendants deny the remaining allegations contained in the first sentence of Paragraph 97 of the

26   Amended Complaint.  The allegations contained in the citation and second sentence of Paragraph

27   97 purport to describe a website, and therefore no response is required.  To the extent a response

28   is required, the Answering Defendants answer that the website speaks for itself, and that it has

1   been updated since the date noted as the date it was last visited by Plaintiff, and deny any

2   allegation that goes beyond the content of the website.

3       98. The allegations contained in Paragraph 98 purport to describe a document and state legal

4   conclusions, and therefore no response is required.  To the extent a response is required, the

5   Answering Defendants answer that the document speaks for itself and deny any allegation that

6   goes beyond the document.

7       99. The allegations in Paragraph 99 of the Amended Complaint are legal conclusions to which

8   no response is required.  To the extent a response is warranted, the Answering Defendants deny

9   each and every allegation contained in Paragraph 99 of the Amended Complaint.

10      100.    The allegations in Paragraph 100 of the Amended Complaint are legal conclusions

11  to which no response is required.  To the extent a response is warranted, the Answering

12  Defendants deny each and every allegation contained in Paragraph 100 of the Amended

13  Complaint.

14      101.    The allegations in Paragraph 101 of the Amended Complaint are legal conclusions

15  to which no response is required.  To the extent a response is warranted, the Answering

16  Defendants deny each and every allegation contained in Paragraph 101 of the Amended

17  Complaint.

18      102.    The allegations in Paragraph 102 of the Amended Complaint are legal conclusions

19  to which no response is required.  To the extent a response is warranted, the Answering

20  Defendants deny each and every allegation contained in Paragraph 102 of the Amended

21  Complaint.

22      103.    The allegations contained in Paragraph 103 purport to describe a document and

23  state legal conclusions, and therefore no response is required.  To the extent a response is

24  required, the Answering Defendants answer that the document speaks for itself and deny any

25  allegation that goes beyond the document.

26      104.    The Answering Defendants are unable to confirm what constitutes the beliefs of an

27  official sued in an official capacity, and on that basis deny the allegations in Paragraph 104.  *Cf.*

28  *Kentucky v. Graham*, 473 U.S. 159, 166 (1985) ("[A]n official-capacity suit is, in all respects

18

other than name, to be treated as a suit against the entity.  It is *not* a suit against the official

personally, for the real party in interest is the entity." (citation omitted)), *Morongo Band of*

*Mission Indians v. California State Bd. of Equalization*, 858 F.2d 1376, 1382 n.5 (9th Cir. 1988).

The Answering Defendants also deny the allegations in paragraph 104 on the grounds that they

involve Plaintiff's speculation about hypothetical counter-factual scenarios, and the Answering

Defendants lack sufficient information and belief about Plaintiff's scenarios to develop beliefs

about how regulated parties would behave in those scenarios.

105.    The Answering Defendants are unable to confirm what constitutes the beliefs of an

official sued in an official capacity or what it means for an official acting in an official capacity to

act consistently with a belief, and on that basis deny the allegations in Paragraph 105.  *Cf.*

*Graham*, 473 U.S. at 166 ("[A]n official-capacity suit is, in all respects other than name, to be

treated as a suit against the entity.  It is *not* a suit against the official personally, for the real party

in interest is the entity." (citation omitted)), *Morongo Band of Mission Indians*, 858 F.2d at 1382

n.5.  The Answering Defendants further deny the allegations in Paragraph 105 on the additional

grounds that they rely on Plaintiff's incorrect legal conclusions regarding the Agreement—legal

conclusions that the Answering Defendants do not share.

106.    The Answering Defendants are unable to confirm what constitutes the beliefs of an

official sued in an official capacity, and on that basis deny the allegations in Paragraph 106.  *Cf.*

*Graham*, 473 U.S. at 166 ("[A]n official-capacity suit is, in all respects other than name, to be

treated as a suit against the entity.  It is *not* a suit against the official personally, for the real party

in interest is the entity." (citation omitted)), *Morongo Band of Mission Indians*, 858 F.2d at 1382

n.5.  The Answering Defendants also deny the allegations in paragraph 106 on the grounds that

they involve Plaintiff's speculation about hypothetical counter-factual scenarios, and the

Answering Defendants lack sufficient information and belief about Plaintiff's scenarios to

develop beliefs about how regulated parties would behave in those scenarios.

107.    The Answering Defendants are unable to confirm what constitutes the beliefs of an

official sued in an official capacity or what it means for an official acting in an official capacity to

act consistently with a belief, and on that basis deny the allegations in Paragraph 107.  *Cf.*

1    *Graham*, 473 U.S. at 166 ("[A]n official-capacity suit is, in all respects other than name, to be

2    treated as a suit against the entity.  It is *not* a suit against the official personally, for the real party

3    in interest is the entity." (citation omitted)), *Morongo Band of Mission Indians*, 858 F.2d at 1382

4    n.5.  The Answering Defendants further deny the allegations in Paragraph 107 on the additional

5    grounds that they rely on Plaintiff's incorrect legal conclusions regarding the Agreement—legal

6    conclusions that the Answering Defendants do not share.

7        108.    The allegations contained in Paragraph 108 purport to describe a document and

8    state legal conclusions, and therefore no response is required.  To the extent a response is

9    required, the Answering Defendants answer that the document speaks for itself and deny any

10   allegation that goes beyond the document.

11       109.    The allegations in Paragraph 109 of the Amended Complaint are legal conclusions

12   to which no response is required.  To the extent a response is warranted, the Answering

13   Defendants deny each and every allegation contained in Paragraph 109 of the Amended

14   Complaint.

15       110.    The allegations contained in Paragraph 110 purport to describe a document and

16   state legal conclusions, and therefore no response is required.  To the extent a response is

17   required, the Answering Defendants answer that the document speaks for itself and deny any

18   allegation that goes beyond the document.

19       111.    The allegations contained in Paragraph 111 purport to describe a document and

20   state legal conclusions, and therefore no response is required.  To the extent a response is

21   required, the Answering Defendants answer that the document speaks for itself and deny any

22   allegation that goes beyond the document.

23       112.    The allegations contained in Paragraph 112 purport to describe a document and

24   state legal conclusions, and therefore no response is required.  To the extent a response is

25   required, the Answering Defendants answer that the document speaks for itself and deny any

26   allegation that goes beyond the document.

27       113.    The allegations contained in Paragraph 113 purport to describe a document and

28   state legal conclusions, and therefore no response is required.  To the extent a response is

1   required, the Answering Defendants answer that the document speaks for itself and deny any

2   allegation that goes beyond the document.

3        114.     The allegations in Paragraph 114 of the Amended Complaint are legal conclusions

4   to which no response is required.  To the extent a response is warranted, the Answering

5   Defendants deny each and every allegation contained in Paragraph 114 of the Amended

6   Complaint.

7        115.     The allegations in Paragraph 115 of the Amended Complaint are legal conclusions

8   to which no response is required.  To the extent a response is warranted, the Answering

9   Defendants deny each and every allegation contained in Paragraph 115 of the Amended

10  Complaint.

11       116.     The allegations contained in Paragraph 116 purport to describe a document and

12  state legal conclusions, and therefore no response is required.  To the extent a response is

13  required, the Answering Defendants answer that the document speaks for itself and deny any

14  allegation that goes beyond the document.

15       117.     The allegations contained in Paragraph 117 purport to describe a regulation and

16  state legal conclusions, and therefore no response is required.  To the extent a response is

17  required, the Answering Defendants answer that the regulation speaks for itself and deny any

18  allegation that goes beyond the regulation.

19       118.     The Answering Defendants cannot discern Plaintiff's allegation with respect to the

20  phrase "made a reciprocal undertaking" in the first sentence of Paragraph 118, and on those

21  grounds deny the allegations in said sentence.  To the extent that Plaintiff seeks to state a legal

22  conclusion with the phrase "make a reciprocal undertaking," no response is required.  The

23  remaining allegations contained in Paragraph 118 purport to describe a regulation and state legal

24  conclusions, and therefore no response is required.  To the extent a response is required, the

25  Answering Defendants answer that the regulation speaks for itself and deny any allegation that

26  goes beyond the regulation.

27       119.     The allegations in Paragraph 119 of the Amended Complaint are legal conclusions

28  to which no response is required.  To the extent a response is warranted, the Answering

21

1    Defendants deny each and every allegation contained in Paragraph 119 of the Amended

2    Complaint.

3        120.        The allegations contained in Paragraph 120 purport to describe a document and

4    state legal conclusions, and therefore no response is required.  To the extent a response is

5    required, the Answering Defendants answer that the document speaks for itself and deny any

6    allegation that goes beyond the document.

7        121.        The Answering Defendants cannot discern Plaintiff's allegation with respect to the

8    phrase "made a reciprocal undertaking" in the first sentence of Paragraph 121, and on those

9    grounds deny the allegations in said sentence.  To the extent that Plaintiff seeks to state a legal

10   conclusion with the phrase "reciprocal undertaking," no response is required.  The remaining

11   allegations contained in Paragraph 121 purport to describe a document and state legal

12   conclusions, and therefore no response is required.  To the extent a response is required, the

13   Answering Defendants answer that the document speaks for itself and deny any allegation that

14   goes beyond the document.

15       122.        The allegations contained in Paragraph 122 purport to characterize a public

16   statement and state legal conclusions, and therefore no response is required.  To the extent a

17   response is required, the Answering Defendants answer that Newsom and Nichols' public

18   statements speaks for themselves and deny any allegation that goes beyond the public statement.

19   To the extent that Plaintiff alleges intent in Paragraph 122, the Answering Defendants are unable

20   to confirm what constitutes the intent of officials sued in their official capacities, and on that basis

21   deny the allegations in Paragraph 122.  *Cf. Graham*, 473 U.S. at 166 ("[A]n official-capacity suit

22   is, in all respects other than name, to be treated as a suit against the entity.  It is *not* a suit against

23   the official personally, for the real party in interest is the entity." (citation omitted)), *Morongo*

24   *Band of Mission Indians*, 858 F.2d at 1382 n.5.

25       123.        The allegations contained in Paragraph 123 purport to characterize public

26   statements and state legal conclusions, and therefore no response is required.  To the extent a

27   response is required, the Answering Defendants answer that the public statements speaks for

28   themselves and deny any allegation that goes beyond the public statements.

22

1    124.    The Answering Defendants are unable to confirm what constitutes the beliefs of an

2    official sued in an official capacity, and on that basis deny the allegations in Paragraph 124. *Cf.*

3    *Graham*, 473 U.S. at 166 ("[A]n official-capacity suit is, in all respects other than name, to be

4    treated as a suit against the entity.  It is *not* a suit against the official personally, for the real party

5    in interest is the entity." (citation omitted)), *Morongo Band of Mission Indians*, 858 F.2d at 1382

6    n.5.  The Answering Defendants further deny the allegations in Paragraph 124 on the additional

7    grounds that they rely on Plaintiff's incorrect legal conclusions regarding the Agreement—legal

8    conclusions that the Answering Defendants do not share.

9    125.    The allegations contained in Paragraph 125 purport to characterize a public

10    statement and therefore no response is required.  To the extent a response is required, the

11    Answering Defendants answer that the public statement speaks for itself and deny any allegation

12    that goes beyond the public statement.

13    126.    The public statement referenced in Paragraph 126 speaks for itself, and therefore

14    no response is required.  To the extent a response is warranted, the Answering Defendants are

15    unable to confirm what constitutes the beliefs of an official sued in an official capacity, and on

16    that basis deny the allegations in Paragraph 126. *Cf. Graham*, 473 U.S. at 166 ("[A]n official-

17    capacity suit is, in all respects other than name, to be treated as a suit against the entity.  It is *not* a

18    suit against the official personally, for the real party in interest is the entity." (citation omitted)),

19    *Morongo Band of Mission Indians*, 858 F.2d at 1382 n.5.

20    127.    The Answering Defendants are unable to confirm what constitutes the beliefs or

21    intentions of an official sued in an official capacity, and on that basis deny the allegations in

22    Paragraph 127. *Cf. Graham*, 473 U.S. at 166 ("[A]n official-capacity suit is, in all respects other

23    than name, to be treated as a suit against the entity.  It is *not* a suit against the official personally,

24    for the real party in interest is the entity." (citation omitted)), *Morongo Band of Mission Indians*,

25    858 F.2d at 1382 n.5.  The Answering Defendants further deny the allegations in Paragraph 127

26    on the additional grounds that they rely on Plaintiff's incorrect legal conclusions regarding the

27    Agreement—legal conclusions that the Answering Defendants do not share.

28

1    128.    The Answering Defendants admit that CARB is continuing to implement its cap-

2    and-trade program, in accord with the regulations that permit regulated entities within California

3    the use of Quebec-issued instruments for compliance.  The Answering Defendants deny that

4    CARB and Quebec's respective cap-and-trade programs are governed by the referenced

5    agreement.  To the extent that Plaintiff alleges anything further in Paragraph 128, the Answering

6    Defendants are unable to discern what Plaintiff means to allege, and on that basis no response is

7    required.  To the extent a response is warranted, the Answering Defendants deny each and every

8    remaining allegation contained in Paragraph 128 of the Amended Complaint.

9    129.    The allegations contained in Paragraph 129 purport to describe a document and

10    state legal conclusions, and therefore no response is required.  To the extent a response is

11    required, the Answering Defendants answer that the document speaks for itself and deny any

12    allegation that goes beyond the document.

13    130.    The allegations contained in Paragraph 130 purport to describe a document and

14    state legal conclusions, and therefore no response is required.  To the extent a response is

15    required, the Answering Defendants answer that the document speaks for itself and deny any

16    allegation that goes beyond the document.

17    131.    The allegations in Paragraph 131 of the Amended Complaint are legal conclusions

18    to which no response is required.  To the extent a response is warranted, the Answering

19    Defendants deny each and every allegation contained in Paragraph 131 of the Amended

20    Complaint.

21    132.    The allegations in Paragraph 132 of the Amended Complaint are legal conclusions

22    to which no response is required.  To the extent a response is warranted, the Answering

23    Defendants deny each and every allegation contained in Paragraph 132 of the Amended

24    Complaint.

25    133.    The allegations contained in Paragraph 133 purport to describe a document and

26    state legal conclusions, and therefore no response is required.  To the extent a response is

27    warranted, the Answering Defendants answer that the document speaks for itself and deny any

28    allegation that goes beyond the document.

24

1   134.    The Answering Defendants lack sufficient information and belief to respond to the

2   allegations contained in Paragraph 134 of the Amended Complaint, and therefore deny said

3   allegations.

4   135.    The allegations in Paragraph 135 of the Amended Complaint are legal conclusions

5   to which no response is required.  To the extent a response is warranted, the Answering

6   Defendants deny each and every allegation contained in Paragraph 135 of the Amended

7   Complaint.

8   136.    The allegations contained in Paragraph 136 purport to describe a document and

9   state legal conclusions, and therefore no response is required.  To the extent a response is

10  required, the Answering Defendants answer that the document speaks for itself and deny any

11  allegation that goes beyond the document.

12  137.    The allegations contained in Paragraph 137 purport to describe documents and

13  state legal conclusions, and therefore no response is required.  Also, the Answering Defendants

14  lack sufficient information and belief to ascertain the purposes of governors and premiers in 2007,

15  and on that basis deny the allegations in the first sentence of Paragraph 137 concerning

16  "purpose."  To the extent a further response is required, the Answering Defendants answer that

17  the documents speak for themselves and deny any allegation that goes beyond the documents.

18  138.    The allegations contained in Paragraph 138 purport to describe a document and

19  state legal conclusions, and therefore no response is required.  To the extent a response is

20  required, Answering Defendants lack sufficient information and belief with respect to the

21  meaning of the phrase "California and its partners intended", lack sufficient information and

22  belief to ascertain the intentions of governors and premiers in 2007, and respond that the

23  document referenced in the paragraph speaks for itself.  On these grounds, the Answering

24  Defendants deny any allegation in Paragraph 138 that goes beyond the document.

25  139.    The allegations contained in Paragraph 139 purport to describe a document and

26  state legal conclusions, and therefore no response is required.  To the extent a response is

27  required, the Answering Defendants answer that the document speaks for itself and deny any

28  allegation that goes beyond the document.

25

1    140.    The allegations contained in Paragraph 140 purport to describe a document and

2    state legal conclusions, and therefore no response is required.  To the extent a response is

3    required, the Answering Defendants answer that the document speaks for itself and deny any

4    allegation that goes beyond the document.

5    141.    The allegations contained in Paragraph 141 purport to describe documents and

6    state legal conclusions, and therefore no response is required.  To the extent a response is

7    required, the Answering Defendants answer that the documents speak for themselves and deny

8    any allegation that goes beyond the documents.

9    142.    The allegations contained in Paragraph 142 purport to describe a document and

10    state legal conclusions, and therefore no response is required.  To the extent a response is

11    required, the Answering Defendants answer that the document speaks for itself and deny any

12    allegation that goes beyond the document.

13    143.    The allegations in Paragraph 143 of the Amended Complaint are legal conclusions

14    to which no response is required.  To the extent a response is warranted, the Answering

15    Defendants deny each and every allegation contained in Paragraph 143 of the Amended

16    Complaint.

17    144.    The allegations in Paragraph 144 of the Amended Complaint are legal conclusions

18    to which no response is required.  To the extent a response is warranted, the Answering

19    Defendants deny each and every allegation contained in Paragraph 144 of the Amended

20    Complaint.

21    145.    The allegations contained in Paragraph 145 purport to describe a document and

22    state legal conclusions, and therefore no response is required.  To the extent a response is

23    required, the Answering Defendants answer that the document speaks for itself and deny any

24    allegation that goes beyond the document.

25    146.    The allegations contained in Paragraph 146 purport to describe a document and

26    state legal conclusions, and therefore no response is required.  To the extent a response is

27    required, the Answering Defendants answer that the document speaks for itself and deny any

28    allegation that goes beyond the document.

1       147.       The allegations contained in Paragraph 147 purport to describe documents and

2  state legal conclusions, and therefore no response is required.  To the extent a response is

3  required, the Answering Defendants answer that the documents speak for themselves and deny

4  any allegation that goes beyond the documents.

5       148.       The allegations in Paragraph 148 of the Amended Complaint are legal conclusions

6  to which no response is required.  To the extent a response is warranted, the Answering

7  Defendants deny each and every allegation contained in Paragraph 148 of the Amended

8  Complaint.

9       149.       The allegations in Paragraph 149 of the Amended Complaint are legal conclusions

10  to which no response is required.  To the extent a response is warranted, the Answering

11  Defendants deny each and every allegation contained in Paragraph 149 of the Amended

12  Complaint.

13       150.       The allegations in Paragraph 150 of the Amended Complaint are legal conclusions

14  to which no response is required.  To the extent a response is warranted, the Answering

15  Defendants deny each and every allegation contained in Paragraph 150 of the Amended

16  Complaint.

17       151.       The allegations contained in Paragraph 151 purport to describe a document and

18  state legal conclusions, and therefore no response is required.  To the extent a response is

19  required, the Answering Defendants answer that the document speaks for itself and deny any

20  allegation that goes beyond the document.

21       152.       Paragraph 152 of the Amended Complaint describes Plaintiff's attempt to

22  incorporate by reference previously stated allegations and no response is required.  To the extent

23  a response is warranted, the Answering Defendants incorporate by reference all responses in the

24  preceding Paragraphs.

25       153.       The allegations in Paragraph 153 of the Amended Complaint are legal conclusions

26  to which no response is required.  To the extent a response is warranted, the Answering

27  Defendants deny each and every allegation contained in Paragraph 153 of the Amended

28  Complaint

154.     The allegations in Paragraph 154 of the Amended Complaint are legal conclusions to which no response is required.  To the extent a response is warranted, the Answering Defendants deny each and every allegation contained in Paragraph 154 of the Amended Complaint.

155.     The allegations in Paragraph 155 of the Amended Complaint are legal conclusions to which no response is required.  To the extent a response is warranted, the Answering Defendants deny each and every allegation contained in Paragraph 155 of the Amended Complaint.

156.     Paragraph 156 of the Amended Complaint describes Plaintiff's attempt to incorporate by reference previously stated allegations and no response is required.  To the extent a response is warranted, the Answering Defendants incorporate by reference all responses in the preceding Paragraphs.

157.     The allegations contained in Paragraph 157 purport to quote the text of the United States Constitution and state legal conclusions, and therefore no response is required.  To the extent a response is required, the Answering Defendants answer that as to its text, the Constitution speaks for itself, and the Answering Defendants deny any allegation that goes beyond the text of the Constitution.

158.     The allegations contained in Paragraph 158 purport to quote a court decision and state legal conclusions, and therefore no response is required.  To the extent a response is required, the Answering Defendants answer that this court decision speaks for itself and deny any allegation that goes beyond that court decision.

159.     The allegations in Paragraph 159 of the Amended Complaint are legal conclusions to which no response is required.  To the extent a response is warranted, the Answering Defendants deny each and every allegation contained in Paragraph 159 of the Amended Complaint.

160.     The allegations in Paragraph 160 of the Amended Complaint are legal conclusions to which no response is required.  To the extent a response is warranted, the Answering

Defendants deny each and every allegation contained in Paragraph 160 of the Amended Complaint.

161.    Paragraph 161 of the Amended Complaint describes Plaintiff's attempt to incorporate by reference previously stated allegations and no response is required. To the extent a response is warranted, the Answering Defendants incorporate by reference all responses in the preceding Paragraphs.

162.    The allegations contained in Paragraph 162 purport to quote the text of the United States Constitution and state legal conclusions, and therefore no response is required. To the extent a response is required, the Answering Defendants answer that as to its text, the Constitution speaks for itself, and the Answering Defendants deny any allegation that goes beyond the text of the Constitution.

163.    The allegations in Paragraph 163 of the Amended Complaint are legal conclusions to which no response is required. To the extent a response is warranted, the Answering Defendants deny each and every allegation contained in Paragraph 163 of the Amended Complaint.

164.    The allegations in Paragraph 164 of the Amended Complaint are legal conclusions to which no response is required. To the extent a response is warranted, the Answering Defendants deny each and every allegation contained in Paragraph 164 of the Amended Complaint.

165.    Paragraph 165 of the Amended Complaint describes Plaintiff's attempt to incorporate by reference previously stated allegations and no response is required. To the extent a response is warranted, the Answering Defendants incorporate by reference all responses in the preceding Paragraphs.

166.    The allegations contained in Paragraph 166 purport to quote the text of the United States Constitution and state legal conclusions, and therefore no response is required. To the extent a response is required, the Answering Defendants answer that as to its text, the Constitution speaks for itself, and the Answering Defendants deny any allegation that goes beyond the text of the Constitution.

167.     The allegations contained in Paragraph 167 purport to quote the text of the United States Constitution and state legal conclusions, and therefore no response is required.  To the extent a response is required, the Answering Defendants answer that as to its text, the Constitution speaks for itself, and the Answering Defendants deny any allegation that goes beyond the text of the Constitution.

168.     The allegations contained in Paragraph 168 purport to quote the text of the United States Constitution and state legal conclusions, and therefore no response is required.  To the extent a response is required, the Answering Defendants answer that as to its text, the Constitution speaks for itself, and the Answering Defendants deny any allegation that goes beyond the text of the Constitution.

169.     The allegations contained in Paragraph 169 purport to quote the text of the United States Constitution and state legal conclusions, and therefore no response is required.  To the extent a response is required, the Answering Defendants answer that as to its text, the Constitution speaks for itself, and the Answering Defendants deny any allegation that goes beyond the text of the Constitution.

170.     The allegations contained in Paragraph 170 purport to quote the text of the United States Constitution and state legal conclusions, and therefore no response is required.  To the extent a response is required, the Answering Defendants answer that as to its text, the Constitution speaks for itself, and the Answering Defendants deny any allegation that goes beyond the text of the Constitution.

171.     The allegations contained in Paragraph 171 purport to quote the text of the United States Constitution and state legal conclusions, and therefore no response is required.  To the extent a response is required, the Answering Defendants answer that as to its text, the Constitution speaks for itself, and the Answering Defendants deny any allegation that goes beyond the text of the Constitution.

172.     The allegations contained in Paragraph 172 purport to quote a court decision and state legal conclusions, and therefore no response is required.  To the extent a response is

1    required, the Answering Defendants answer that this court decision speaks for itself and deny any

2    allegation that goes beyond that court decision.

3        173.        The allegations contained in Paragraph 173 purport to describe a court decision

4    and state legal conclusions, and therefore no response is required.  To the extent a response is

5    required, the Answering Defendants answer that this court decision speaks for itself and deny any

6    allegation that goes beyond that court decision.

7        174.        The allegations in Paragraph 174 of the Amended Complaint are legal conclusions

8    to which no response is required.  To the extent a response is warranted, the Answering

9    Defendants deny each and every allegation contained in Paragraph 174 of the Amended

10    Complaint.

11        175.        The allegations contained in Paragraph 175 purport to quote a document and state

12    legal conclusions, and therefore no response is required.  To the extent a response is required, the

13    Answering Defendants answer that this document speaks for itself and deny any allegation that

14    goes beyond that document.

15        176.        The allegations in Paragraph 176 of the Amended Complaint are legal conclusions

16    to which no response is required.  To the extent a response is warranted, the Answering

17    Defendants deny each and every allegation contained in Paragraph 176 of the Amended

18    Complaint.

19        177.        The allegations in Paragraph 177 of the Amended Complaint are legal conclusions

20    to which no response is required.  To the extent a response is warranted, the Answering

21    Defendants deny each and every allegation contained in Paragraph 177 of the Amended

22    Complaint.

23        178.        The allegations in Paragraph 178 of the Amended Complaint are legal conclusions

24    to which no response is required.  To the extent a response is warranted, the Answering

25    Defendants deny each and every allegation contained in Paragraph 178 of the Amended

26    Complaint.

27        179.        Paragraph 179 of the Amended Complaint describes Plaintiff's attempt to

28    incorporate by reference previously stated allegations and no response is required.  To the extent

31

1    a response is warranted, the Answering Defendants incorporate by reference all responses in the

2    preceding Paragraphs.

3        180.    The allegations contained in Paragraph 180 purport to quote the text of the United

4    States Constitution and state legal conclusions, and therefore no response is required.  To the

5    extent a response is required, the Answering Defendants answer that as to its text, the

6    Constitution speaks for itself, and the Answering Defendants deny any allegation that goes

7    beyond the text of the Constitution.

8        181.    The allegations contained in Paragraph 181 purport to quote the text of the United

9    States Constitution and state legal conclusions, and therefore no response is required.  To the

10   extent a response is required, the Answering Defendants answer that as to its text, the

11   Constitution speaks for itself, and the Answering Defendants deny any allegation that goes

12   beyond the text of the Constitution.

13       182.    The allegations contained in Paragraph 182 purport to describe a court decision

14   and state legal conclusions, and therefore no response is required.  To the extent a response is

15   required, the Answering Defendants answer that this court decision speaks for itself and deny any

16   allegation that goes beyond that court decision.

17       183.    The allegations in Paragraph 183 of the Amended Complaint are legal conclusions

18   to which no response is required.  To the extent a response is warranted, the Answering

19   Defendants deny each and every allegation contained in Paragraph 183 of the Amended

20   Complaint.

21       184.    The allegations in Paragraph 184 of the Amended Complaint purport to describe

22   regulations and documents, and state legal conclusions, and therefore no response is required.  To

23   the extent a response is required, the Answering Defendants answer that the regulations and

24   documents speak for themselves and deny any allegation that goes beyond the regulations and

25   documents.

26       185.    The allegations in Paragraph 185 of the Amended Complaint are legal conclusions

27   to which no response is required.  To the extent a response is warranted, the Answering

28

1   Defendants deny each and every allegation contained in Paragraph 185 of the Amended

2   Complaint.

3       186.      The allegations in Paragraph 186 of the Amended Complaint are legal conclusions

4   to which no response is required.  To the extent a response is warranted, the Answering

5   Defendants deny each and every allegation contained in Paragraph 186 of the Amended

6   Complaint.

7       187.      The allegations in Paragraph 187 of the Amended Complaint are legal conclusions

8   to which no response is required.  To the extent a response is warranted, the Answering

9   Defendants deny each and every allegation contained in Paragraph 187 of the Amended

10   Complaint.

11                                    **AFFIRMATIVE DEFENSES**

12      1.  Each of Plaintiff's Causes of Action, separately and conjunctively, are barred against each

13   answering Defendant for lack of Article III standing.

14      2.  Each of Plaintiff's Causes of Action, separately and conjunctively, fail to state a claim

15   upon which relief can be granted.

16      3.  Each of Plaintiff's Causes of Action, separately and conjunctively, are not justiciable

17   under the political question doctrine and entrusted to the political branches.

18      4.  Each of Plaintiff's Causes of Action, separately and conjunctively, are barred against the

19   Answering Defendants by the doctrine of equitable estoppel.

20      5.  Each of Plaintiff's Causes of Action, separately and conjunctively, are barred against the

21   Answering Defendants due to Congressional authorization, acquiescence, or implied consent.

22                                      **PRAYER FOR RELIEF**

23          The Answering Defendants pray that the Court enter judgment against Plaintiff and award

24   the following relief:

25      a.  That Plaintiff take nothing by way of its Amended Complaint; or, in the alternative, that

26      b.  The Court issue declaration that the Agreement (as defined in the Amended Complaint)

27   and related California law as applied do not violate the Constitution of the United States; and that

28      c.  The Court award the Answering Defendants costs of suit; and that

1    d.  The Court grant such additional relief as the Court deems just and proper.

2

3  Dated:  January 6, 2020                           Respectfully submitted,

4                                                    XAVIER BECERRA
                                                     Attorney General of California
5                                                    MICHAEL P. CAYABAN
                                                     Supervising Deputy Attorney General
6
7                                                    /s/ Michael S. Dorsi
                                                     MICHAEL S. DORSI
                                                     Deputy Attorney General
8                                                    Attorneys for State Defendants

9

10
     OK2019105727
11   82255223.docx

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28
                                          34