SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
  A Limited Liability Partnership
  Including Professional Corporations
NICHOLAS W. VAN AELSTYN, Cal. Bar No. 158265
nvanaelstyn@sheppardmullin.com
ZACHARY NORRIS, Cal. Bar No. 268616
znorris@sheppardmullin.com
Four Embarcadero Center, 17th Floor
San Francisco, California 94111-4109
Telephone:  415.774.2970
Facsimile:   415.434.3947

Attorneys for Intervenor
INTERNATIONAL EMISSIONS TRADING ASSOCIATION

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>  v.<br><br>THE STATE OF CALIFORNIA; GAVIN C. NEWSOM, in his official capacity as Governor of the State of California; THE CALIFORNIA AIR RESOURCES BOARD; MARY D. NICHOLS, in her official capacities as Chair of the California Air Resources Board and as Vice Chair and a board member of the Western Climate Initiative, Inc.; WESTERN CLIMATE INITIATIVE, INC.; JARED BLUMENFELD, in his official capacities as Secretary for Environmental Protection and as a board member of the Western Climate Initiative, Inc.; KIP LIPPER, in his official capacity as a board member of the Western Climate Initiative, Inc., and RICHARD BLOOM, in his official capacity as a board member of the Western Climate Initiative, Inc.,<br><br>  Defendants.<br><br>INTERNATIONAL EMISSIONS TRADING ASSOCIATION,<br><br>  Intervenor. | Case No. 2:19-cv-02142-WBS-EFB<br><br>The Hon. William B. Shubb<br><br>**[PROPOSED] INTERNATIONAL EMISSIONS TRADING ASSOCIATION'S [PROPOSED] ANSWER IN INTERVENTION TO AMENDED COMPLAINT** |

-1-

SMRH:4811-6513-6048.5

INTERNATIONAL EMISSIONS TRADING ASSOCIATION'S [PROPOSED] ANSWER IN INTERVENTION TO AMENDED COMPLAINT

Case No. 2:19-cv-02142-WBS-EFB

Intervenor, the International Emissions Trading Association ("IETA"), responds to the Amended Complaint filed by plaintiff, the United States of America, in the above-captioned action as follows:

## INTRODUCTION

1. The allegations of Paragraph 1 constitute legal conclusions to which no response is required.

2. The allegations of Paragraph 2 purport to characterize the holding of *Hines v. Davidowitz*, 312 U.S. 52 (1941), and no response thereto is required. To the extent that the allegations of Paragraph 2 inaccurately portray the holding of that case, IETA denies those allegations.

3. IETA denies that the State of California has pursued an independent foreign policy in the area of greenhouse gas ("GHG") regulation. IETA denies that the State of California entered into a cap-and-trade agreement with the provincial government of Québec, Canada. California and Québec did not enter into an agreement to form a single cap-and-trade program as implied by the term "a cap-and-trade agreement"; each jurisdiction maintains its own cap-and-trade system. IETA denies that the coordination of California's and Québec's respective cap-and-trade systems complexifies or burdens the United States' ability to negotiate international agreements or that it enhances California's political power vis-á-vis the United States. The remaining allegations of Paragraph 3 constitute legal conclusions and speculation to which no response is required.

4. The allegations of Paragraph 4 constitute legal conclusions and speculation to which no response is required.

5. IETA denies that the Agreement and related provisions of California law violate the U.S. Constitution.

## JURISDICTION AND VENUE

6. The allegations of Paragraph 6 constitute legal conclusions to which no response is required.

1    7.   IETA admits that the defendants named in the Amended Complaint reside in this District and that a substantial part of the acts or omissions giving rise to the Amended Complaint arose from events occurring within this District.  The remaining allegations of Paragraph 7 constitute legal conclusions to which no response is required.

8.   The allegations of Paragraph 8 constitute legal conclusions to which no response is required.

## THE PARTIES

9.   The allegations of Paragraph 9 constitute legal conclusions to which no response is required.

10.  IETA admits the allegations of Paragraph 10.

11.  IETA admits the allegations of Paragraph 11.

12.  IETA admits the allegations of Paragraph 12.

13.  IETA admits the allegations of Paragraph 13.

14.  IETA admits that WCI is a non-profit corporation organized under the laws of Delaware and headquartered in Sacramento, California.  The remaining allegations of Paragraph 14 purport to characterize the contents of WCI's charter, and that document speaks for itself.

15.  The allegations of Paragraph 15 purport to characterize WCI's bylaws and that document speaks for itself.  The remaining allegations of Paragraph 15 constitute legal conclusions to which no response is required.

16.  IETA admits the allegations of Paragraph 16.

17.  IETA admits the allegations of Paragraph 17.

18.  IETA admits the allegations of Paragraph 18.

19.  The allegations of Paragraph 19 constitute naming conventions for the Amended Complaint and no response is required.

/ / /

/ / /

## APPLICABLE LAW

20. Paragraph 20 purports to characterize the provisions of the U.S. Constitution and that document speaks for itself.

21. Paragraph 21 purports to characterize the provisions of the U.S. Constitution and that document speaks for itself.

22. Paragraph 22 purports to characterize the holding of *Massachusetts v. EPA*, 549 U.S. 497 (2007), and that opinion speaks for itself.

23. Paragraph 23 purports to characterize the provisions of the U.S. Constitution and that document speaks for itself.

24. Paragraph 24 purports to characterize the provisions of the U.S. Constitution and that document speaks for itself.

25. Paragraph 25 constitutes legal conclusions to which no response is required. To the extent Paragraph 25 purports to characterize the holding of *Barclays Bank PLC v. Franchise Tax Bd. Of California*, 512 U.S. 298 (1994), that decision speaks for itself.

26. Paragraph 26 constitutes legal conclusions to which no response is required.

27. Paragraph 27 purports to characterize the provisions of the U.S. Constitution and that document speaks for itself.

28. Paragraph 28 purports to characterize the provisions of the U.S. Constitution and that document speaks for itself.

29. Paragraph 29 purports to characterize the provisions of the U.S. Constitution and that document speaks for itself.

30. Paragraph 30 purports to characterize the provisions of the U.S. Constitution and that document speaks for itself.

31. Paragraph 31 constitutes legal conclusions to which no response is required. To the extent that Paragraph 31 purports to characterize the holding of *Hines*, 312 U.S. at 62, that decision speaks for itself.

32. Paragraph 32 constitutes legal conclusion to which no response is required. To the extent that Paragraph 32 purports to characterize the holding of *American Insurance Association v. Garamendi*, 539 U.S. 396 (2003), that decision speaks for itself.

33. IETA specifically denies that the United States has demonstrated an active and continuous interest in reconciling protection of the environment, promotion of economic growth, and maintenance of national security. The remaining allegations of Paragraph 33 constitute legal conclusions to which no response is required.

34. IETA admits the allegations of Paragraph 34, except to the extent they are inconsistent with the United Nations Framework Convention on Climate Change ("UNFCCC").

35. IETA admits the allegations of Paragraph 35, except to the extent they constitute legal conclusions.

36. Paragraph 36 purports to characterize the UNFCCC and that document speaks for itself. To the extent that Paragraph 36 purports to characterize the motivation of the United States in signing and approving the UNFCCC, IETA does not have sufficient information to either confirm or deny those allegations, and on that basis denies them.

37. Paragraph 37 purports to characterize the UNFCCC and that document speaks for itself.

38. Paragraph 38 purports to characterize the UNFCCC and that document speaks for itself.

39. IETA admits that the Kyoto Protocol of 1997 was entered into under the UNFCCC. The remaining allegations of Paragraph 39 purport to characterize the provisions of the Kyoto Protocol, and that document speaks for itself.

40. IETA admits that the United States signed the Kyoto Protocol and that President Clinton did not submit it to the Senate. IETA admits that the Senate

1  passed Senate Resolution 98, 105th Congress in 1997.  The remaining allegations of Paragraph 40 purport to characterize Senate Resolution 98 and that document speaks for itself.

41. IETA admits that the parties to the UNFCCC agreed to the Paris Climate Accord.

42. Paragraph 42 purports to characterize the provisions of the Paris Accord and that document speaks for itself.

43. Paragraph 43 purports to characterize the provisions of the Paris Accord and that document speaks for itself.

44. IETA admits that President Obama signed the Paris Accord in September 2016.

45. IETA admits that President Trump issued Executive Order 13,783 on March 28, 2017.  The remaining allegations of Paragraph 45 purport to characterize Executive Order 13,783 and that document speaks for itself.

46. The allegations of Paragraph 46 purport to characterize Executive Order 13,783 and that document speaks for itself.

47. IETA lacks adequate knowledge to either admit or deny the allegations of Paragraph 47 and on that basis denies them.

48. IETA lacks adequate knowledge to either admit or deny the allegations of Paragraph 48 and on that basis denies them.

49. IETA admits that the United States submitted its notification of withdrawal from the Paris Accord on November 4, 2019.

50. IETA lacks sufficient information to either admit or deny the allegations of Paragraph 50 and on that basis denies them.  To the extent that Paragraph 50 purports to characterize the contents of a Press Statement by Secretary Pompeo, that document speaks for itself.

51. IETA lacks sufficient information to either admit or deny the allegations of Paragraph 51 and on that basis denies them.  To the extent Paragraph

51 purports to characterize the law review article and newspaper article cited therein, those documents speak for themselves.  To the extent Paragraph 51 purports to characterize the holding of *Massachusetts*, 549 U.S. at 519, that decision speaks for itself.

52. IETA lacks sufficient information to either admit or deny the allegations of Paragraph 52 and on that basis denies them.  To the extent Paragraph 52 purports to characterize the article cited therein, the article speaks for itself.

53. IETA lacks sufficient information to either admit or deny the allegations in Paragraph 53.

54. IETA lacks information sufficient to either admit or deny the allegations of Paragraph 54 and on that basis denies them.

55. IETA admits that California and other states entered into the United States Climate Alliance.  The remaining allegations of Paragraph 55 purport to characterize the United States Climate Alliance and that document speaks for itself.

56. IETA lacks sufficient information to either admit or deny the allegations of Paragraph 56 and on that basis denies them.  To the extent Paragraph 56 purports to characterize the contents of a website maintained by the State of California, that website speaks for itself.

57. IETA admits that CARB and Québec entered into the Agreement.  The remaining allegations of Paragraph 57 purport to characterize the provisions of the Agreement and that document speaks for itself.

58. IETA admits that California's Legislature enacted the Global Warming Solutions Act of 2006 (the "Act").  IETA is unsure what is meant by the allegation that the Agreement "facilitates" the Act, lacks sufficient information to either admit or deny that allegation, and on that basis denies the allegation.  The remaining allegations of Paragraph 58 purport to characterize the Act and that document speaks for itself.

59. IETA admits that Québec has a cap-and-trade program comparable in some ways to that of California. IETA is unsure what is meant by the allegation that the Agreement "facilitates" Québec's program, lacks sufficient information to either admit or deny that allegation, and on that basis denies the allegation.

60. IETA admits the allegations of Paragraph 60.

61. IETA admits that California promulgated 17 California Code of Regulations sections 95801-96022. The remaining allegations of Paragraph 61 purport to characterize California's regulations, which speak for themselves.

62. IETA denies the allegations of Paragraph 62.

63. IETA admits that many entities covered under California's cap-and-trade system have substantial interstate or foreign activities. The remaining allegations of Paragraph 63 purport to characterize California's regulations, which speak for themselves.

64. The allegations of Paragraph 64 purport to characterize California's regulations, which speak for themselves.

65. The allegations of Paragraph 65 purport to characterize California's regulations, which speak for themselves.

66. The allegations of Paragraph 66 purport to characterize California's regulations, which speak for themselves.

67. The allegations of Paragraph 65 purport to characterize California's regulations, which speak for themselves.

68. Paragraph 68 constitutes legal conclusions to which no response is required. To the extent that a response is required, IETA denies the allegations of Paragraph 68.

69. Paragraph 69 constitutes legal conclusions to which no response is required. To the extent that a response is required, IETA denies the allegations of Paragraph 69.

70. Paragraph 70 purports to characterize the Agreement, which speaks for itself.

71. Paragraph 71 purports to characterize the Agreement, which speaks for itself.

72. Paragraph 72 purports to characterize the Agreement, which speaks for itself.

73. Paragraph 73 purports to characterize California regulations, which speak for themselves.

74. Paragraph 74 purports to characterize California regulations, which speak for themselves.

75. Paragraph 75 purports to characterize California regulations, which speak for themselves.

76. Paragraph 76 purports to characterize California regulations, which speak for themselves.

77. Paragraph 77 purports to characterize California regulations, which speak for themselves.

78. Paragraph 78 purports to characterize California regulations, which speak for themselves.

79. Paragraph 79 purports to summarize the provisions of the Agreement, which speaks for itself.

80. Paragraph 80 constitutes a legal conclusion to which no response is required. To the extent that a response is required, IETA denies the allegations of Paragraph 80.

81. Paragraph 81 purports to summarize the provisions of the Agreement, which speaks for itself.

82. Paragraph 82 purports to summarize the provisions of the Agreement, which speaks for itself.

83. Paragraph 83 constitutes a legal conclusion to which no response is required. To the extent that a response is required, IETA denies the allegations of Paragraph 83.

84. The allegations of Paragraph 84 are purely speculative and require no response. To the extent a response is required, IETA lacks sufficient knowledge to either admit or deny what California would do if Québec did not agree to accept compliance instruments issued by California, and on that basis denies the allegations of Paragraph 84.

85. Paragraph 85 purports to summarize and characterize California's regulations and those regulations speak for themselves.

86. Paragraph 86 purports to summarize the provisions of the Agreement, which speaks for itself.

87. Paragraph 87 constitutes a legal conclusion and requires no response.

88. Paragraph 88 purports to summarize the provisions of the Agreement, which speaks for itself.

89. Paragraph 89 constitutes a legal conclusion and requires no response. To the extent a response is required, IETA denies the allegations of Paragraph 89 on the grounds that the Agreement is not a cap-and-trade system.

90. IETA lacks sufficient information to either admit or deny the allegations of Paragraph 90 and on that basis denies them.

91. The allegations of Paragraph 91 are purely speculative and require no response. To the extent a response is required, IETA lacks sufficient knowledge to either admit or deny what California would do if Québec were to issue offsets that are not real, additional, quantifiable, permanent, verifiable, and enforceable, and on that basis denies the allegations of Paragraph 91. To the extent Paragraph 91 purports to summarize or characterize the provisions of the Agreement or California statute or regulation, those documents speak for themselves.

92. IETA lacks sufficient knowledge to either admit or deny the allegations of Paragraph 92.

93. The allegations of Paragraph 93 constitutes legal conclusions to which no response is required. To the extent that Paragraph 93 purports to characterize the Arms Trade Treaty, that document speaks for itself.

94. The allegations of Paragraph 94 constitute legal conclusions to which no response is required. To the extent that Paragraph 94 purports to summarize or characterize the Agreement, that document speaks for itself.

95. The allegations of Paragraph 95 constitute legal conclusions to which no response is required. To the extent that Paragraph 95 purports to summarize or characterize the Agreement, that document speaks for itself.

96. The allegations of Paragraph 96 constitute legal conclusions to which no response is required. To the extent that Paragraph 96 purports to summarize or characterize the Agreement, that document speaks for itself.

97. IETA admits the allegations of Paragraph 97, except to the extent those allegations purport to characterize the content of CARB's website, which speaks for itself.

98. The allegations of Paragraph 98 constitute legal conclusions to which no response is required. To the extent that Paragraph 98 purports to summarize or characterize the Agreement, that document speaks for itself.

99. Paragraph 99 purports to summarize or characterize the provisions of the Agreement and that document speaks for itself.

100. IETA is unsure what is meant by the allegations that "allowances and offsets are articles of commerce" and "exclusively regulatory in nature," and lacks sufficient information to either admit or deny those allegations, and on that basis denies them. The remaining allegations in Paragraph 100 constitute legal conclusions to which no response is required.

101. IETA lacks sufficient knowledge to either admit or deny the allegations of Paragraph 101 and on that basis denies them.

102. IETA lacks sufficient knowledge to either admit or deny the allegations of Paragraph 102 and on that basis denies them.

103. IETA admits the allegations of Paragraph 103.

104. IETA lacks sufficient knowledge of Governor Newsom's beliefs to either admit or deny the allegations of Paragraph 104 and on that basis denies them.

105. IETA lacks sufficient knowledge of Governor Newsom's beliefs to either admit or deny the allegations of Paragraph 105 and on that basis denies them.

106. IETA lacks sufficient knowledge of Chairwoman Nichols' beliefs to either admit or deny the allegations of Paragraph 106 and on that basis denies them.

107. IETA lacks sufficient knowledge of Chairwoman Nichols' beliefs to either admit or deny the allegations of Paragraph 107 and on that basis denies them.

108. IETA admits the allegations of Paragraph 108 except to the extent they purport to characterize the content of CARB's website, which speaks for itself.

109. The allegations of Paragraph 109 constitute legal conclusions to which no response is required. To the extent a response is required, IETA denies the allegations of Paragraph 109.

110. Paragraph 110 purports to summarize or characterize the provisions of the Agreement and that document speaks for itself.

111. Paragraph 111 purports to summarize or characterize the provisions of the Agreement and that document speaks for itself.

112. Paragraph 112 purports to summarize or characterize the provisions of the Agreement and that document speaks for itself.

113. Paragraph 113 purports to summarize or characterize the provisions of the Agreement and that document speaks for itself.

114.   The allegations of Paragraph 114 constitute legal conclusions to which no response is required.  To the extent a response is required, IETA denies the allegations of Paragraph 114.

115.   The allegations of Paragraph 115 constitute legal conclusions to which no response is required.

116.   IETA admits that Ontario withdrew from the Agreement on or about July 3, 2018.  The remaining allegations of Paragraph 116 purport to summarize or characterize the provisions of a document on CARB's website, which speaks for itself.

117.   Paragraph 117 purports to characterize the contents of a California regulation, which speaks for itself.

118.   Paragraph 118 purports to characterize the contents of a Québec regulation, which speaks for itself.

119.   The allegations of Paragraph 119 constitute legal conclusions to which no response is required.  To the extent a response is required, IETA denies the allegations of Paragraph 119.

120.   The allegations of Paragraph 120 purport to summarize websites, which speak for themselves.

121.   The allegations of Paragraph 121 purport to summarize websites, which speak for themselves.

122.   The allegations of Paragraph 122 purport to ascribe an intent to certain statements of public officials.  Those statements speak for themselves.

123.   Paragraph 123 purports to characterize the contents of a Press Release by Governor Newson and that Press Release speaks for itself.

124.   IETA lacks sufficient information to either admit or deny the contents of Governor Newsom's beliefs.

125.   Paragraph 125 purports to characterize the contents of a Press Release by Chairwoman Nichols and that Press Release speaks for itself.

126. IETA lacks sufficient information to either admit or deny Chairwoman Nichols' motivation for issuing the Press Release.

127. IETA lacks sufficient information to either admit or deny Chairwoman Nichols' motivation for issuing the Press Release.

128. IETA lacks sufficient information to either admit or deny what California desires.

129. Paragraph 129 purports to characterize the content of the Québec Environment Quality Act and that Act speaks for itself.

130. Paragraph 130 purports to characterize the content of the Québec Environment Quality Act and that Act speaks for itself.

131. IETA denies the allegation of Paragraph 131.

132. IETA denies the allegation of Paragraph 132.

133. IETA denies the allegations of Paragraph 133.

134. IETA lacks sufficient information to either admit or deny the allegations of Paragraph 134 and on that basis deny them.

135. IETA denies that the Agreement and relevant California law have the effect of harming the United States' ability to manage its relations with foreign states.

136. Paragraph 136 purports to characterize the Agreement, which speaks for itself.

137. IETA admits that the Western Climate Initiative was formed in 2007.

138. IETA lacks sufficient information regarding the intentions of California and its partners to either admit or deny the allegations of Paragraph 138 and on that basis denies them.

139. IETA lacks sufficient information regarding the intentions of undisclosed individuals to either admit or deny the allegations of Paragraph 139 and on that basis denies them.

140. IETA admits the allegations of Paragraph 140.

141. The allegations of Paragraph 141 purport to summarize a news release, which speaks for itself.

142. IETA admits that CARB and WCI entered into an agreement in February 2012. The remaining allegations of Paragraph 142 purport to characterize the content of that agreement, which speaks for itself.

143. The allegations of Paragraph 143 constitute a legal conclusion to which no response is required. To the extent a response is required, IETA denies the allegations of Paragraph 143.

144. The allegations of Paragraph 144 constitute a legal conclusion to which no response is required. To the extent a response is required, IETA denies the allegations of Paragraph 144.

145. The allegations of Paragraph 145 purport to characterize a letter, which speaks for itself.

146. The allegations of Paragraph 146 purport to characterize the content of an agreement, which speaks for itself.

147. IETA admits that Nova Scotia became a member of WCI in 2018. The remaining allegations of Paragraph 147 purport to characterize the content of agreements, which speak for themselves.

148. IETA denies that WCI complicates or burdens the United States' task of regulating foreign commerce and negotiating competitive international agreements.

149. The allegations of Paragraph 149 constitute legal conclusions to which no response is required. To the extent a response is required, IETA denies the allegations.

150. The allegations of Paragraph 150 constitute legal conclusions to which no response is required. To the extent a response is required, IETA denies the allegations.

151. The allegations of Paragraph 151 purport to characterize the contents of WCI's 2018 Annual Report and that document speaks for itself.

### DECLARATORY RELIEF

152. Paragraph 152 is an incorporation by reference and no response is required.

153. The allegations of Paragraph 153 constitute legal conclusions to which no response is required.

154. The allegations of Paragraph 154 constitute legal conclusions to which no response is required.

155. The allegations of Paragraph 155 constitute legal conclusions to which no response is required.

### FIRST CAUSE OF ACTION – TREATY CLAUSE

156. Paragraph 156 is an incorporation by reference and no response is required.

157. Paragraph 157 purports to characterize the content of the U.S. Constitution and that document speaks for itself.

158. Paragraph 158 purports to characterize the holding of *Massachusetts*, 549 U.S. at 519, and that decision speaks for itself.

159. The allegations of Paragraph 159 constitute legal conclusions to which no response is required. To the extent a response is required, IETA denies that the Agreement is an emissions treaty.

160. The allegations of Paragraph 160 constitute legal conclusions to which no response is required.

### SECOND CAUSE OF ACTION – COMPACT CLAUSE

161. Paragraph 161 is an incorporation by reference and no response is required.

162. Paragraph 162 purports to characterize the content of the U.S. Constitution and that document speaks for itself.

163. Paragraph 163 sets up a false dichotomy that IETA denies.

164. The allegations of Paragraph 164 constitute legal conclusions to which no response is required. To the extent a response is required, IETA denies that the Agreement violates the Compact Clause.

## THIRD CAUSE OF ACTION – FOREIGN AFFAIRS DOCTRINE

165. Paragraph 165 is an incorporation by reference and no response is required.

166. Paragraph 166 purports to characterize the content of the U.S. Constitution and that document speaks for itself.

167. Paragraph 167 purports to characterize and interpret the content of the U.S. Constitution and that document speaks for itself.

168. Paragraph 168 purports to characterize the content of the U.S. Constitution and that document speaks for itself.

169. Paragraph 169 purports to characterize the content of the U.S. Constitution and that document speaks for itself.

170. Paragraph 170 purports to characterize the content of the U.S. Constitution and that document speaks for itself.

171. Paragraph 171 purports to characterize the content of the U.S. Constitution and that document speaks for itself.

172. Paragraph 172 purports to characterize the holding of the opinion in *Hines*, 312 U.S. at 62, and that decision speaks for itself.

173. Paragraph 173 purports to characterize and summarize the holding of *Garamendi*, 539 U.S. at 418-420, and that decision speaks for itself.

174. The allegations of Paragraph 174 constitute legal conclusions to which no response is required. To the extent a response is required, IETA denies that the Agreement, Agreement 11-415, and relevant California law fall outside the area of traditional state interest.

175. The allegations of Paragraph 174 constitute legal conclusions to which no response is required. To the extent a response is required, IETA denies that the UNFCCC represents a consistent foreign policy that precludes states from acting consistent with the UNFCCC in curbing GHG emissions.

176. The allegations of Paragraph 176 constitute speculation to which no response is required. To the extent a response is required, IETA denies that the Agreement undermines or complicates the United States' relations with Canada.

177. The allegations of Paragraph 177 constitute speculation to which no response is required. To the extent a response is required, IETA denies that the Agreement undermines or complicates the United States' relations with Canada.

178. IETA denies that defendants' actions interfere with the United States' foreign policy with respect to GHG regulation.

**FOURTH CAUSE OF ACTION – FOREIGN COMMERCE CLAUSE**

179. Paragraph 179 is an incorporation by reference and no response is required.

180. Paragraph 180 purports to characterize the content of the U.S. Constitution and that document speaks for itself.

181. Paragraph 181 purports to characterize and interpret the content of the U.S. Constitution and that document speaks for itself.

182. Paragraph 182 purports to characterize the Supreme Court's opinion in *Barclays Bank PLC*, 512 U.S. at 310-13, and that decision speaks for itself.

183. The allegations of Paragraph 183 are legal conclusions to which no response is required.

184. Paragraph 184 purports to characterize the Agreement, California regulations, and Agreement 11-415, and those documents speak for themselves. To the extent a response is required, IETA denies the allegations of Paragraph 184.

185. The allegations of Paragraph 185 constitute legal conclusions to which no response is required. To the extent a response is required, IETA denies that the Agreement discriminates among categories of foreign commerce.

186. The allegations of Paragraph 186 constitute legal conclusions to which no response is required. .

187. The allegations of Paragraph 187 constitute legal conclusions to which no response is required. To the extent a response is required, IETA denies that the Agreement, Agreement 11-415, and relevant California law imposes a substantial and undue burden on foreign commerce.

## IETA'S AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE – FAILURE TO STATE A CAUSE OF ACTION

188. The Amended Complaint fails to state a cause of action under the United States Constitution's Treaty Clause, Compact Clause, Foreign Commerce Clause, or under the Foreign Affairs Doctrine.

Dated: January 6, 2020          SHEPPARD, MULLIN, RICHTER & HAMPTON LLP


By: _____*/s/ Nicholas W. van Aelstyn*_____
         NICHOLAS W. VAN AELSTYN

Attorneys for Intervenor
INTERNATIONAL EMISSIONS TRADING ASSOCIATION