JEFFREY BOSSERT CLARK
Assistant Attorney General
JONATHAN D. BRIGHTBILL
Principal Deputy Assistant Attorney General
PAUL E. SALAMANCA
R. JUSTIN SMITH
PETER J. MCVEIGH
STEVEN W. BARNETT
HUNTER J. KENDRICK
Attorneys
Environment & Natural Resources Division
U.S. Department of Justice
950 Pennsylvania Ave., N.W., Room 2139
Washington, D.C. 20530

Attorneys for the United States

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>       Plaintiff,<br>v.<br><br>THE STATE OF CALIFORNIA; GAVIN C. NEWSOM, in his official capacity as Governor of the State of California; THE CALIFORNIA AIR RESOURCES BOARD; MARY D. NICHOLS, in her official capacities as Chair of the California Air Resources Board and as Vice Chair and a board member of the Western Climate Initiative, Inc.; WESTERN CLIMATE INITIATIVE, INC.; JARED BLUMENFELD, in his official capacities as Secretary for Environmental Protection and as a board member of the Western Climate Initiative, Inc.; KIP LIPPER, in his official capacity as a board member of the Western Climate Initiative, Inc., and RICHARD BLOOM, in his official capacity as a board member of the Western Climate Initiative, Inc.,<br><br>       Defendants. | No. 2:19-cv-02142-WBS-EFB<br><br>**PLAINTIFF UNITED STATES OF AMERICA'S RESPONSE TO DEFENDANTS'** *EX PARTE* **APPLICATION FOR SCHEDULING ORDER RE: CROSS-MOTIONS FOR SUMMARY JUDGMENT** |

**PLAINTIFF'S RESPONSE TO DEFENDANTS' *EX PARTE* APPLICATION**

Plaintiff, the United States of America, respectfully submits the following response to the Defendants' *ex parte* application for a scheduling order (ECF No. 39):

This is Defendants' *second request* for an elongated delay *on the same motion*. Almost two months ago, Defendants asked that the United States' motion for summary judgment be taken "off calendar" or continued to *June*.[1] Now, after persuading the Court to enlarge the schedule by six weeks, Defendants—again proceeding *ex parte*—ask this Court for *eight more weeks*.[2] All this to facilitate a cross-motion that arguably was foreseeable to them when they pushed for a new schedule in December. And all this to accommodate cryptic and yet-to-emerge *amici* who speak through Defendants, and who sat on their hands while the Environmental Defense Fund ("EDF"), the Natural Resources Defense Council ("NRDC"), and the International Emissions Trading Association ("IETA") were able to retain counsel and move to intervene. This Court should not tolerate such manipulation of its schedule. For Defendants blow hot and cold. When addressing the Court, they talk about this case's "novelty and complexity." ECF No. 39 at 3. But when they speak to the world, they say in full bravado that California has had "*legal opinions at all levels*" that its agreement with Quebec is lawful.[3] The most logical inference to draw from this is *not* that California needs time to think about this case, but that it simply seeks delay for its own strategic ends.

---

[1] Defendants' Notice of Motion and Motion to Take Plaintiff's Motion for Summary Judgment off Calendar or, in the Alternative, to Continue Plaintiff's Motion at 16 (Dec. 13, 2019) (ECF No. 15).

[2] *Ex Parte* Application for Scheduling Order Re: Cross-Motions for Summary Judgment at 2 (Feb. 3, 2020) (ECF No. 39) (hereinafter "Second *Ex Parte* Application").

[3] Kevin Stark, "California's Top Air Regulator Is Scathing in Response to DOJ Climate Suit," KQED Science (quoting Defendant Mary D. Nichols), *available at* https://www.kqed.org/science/1949823/doj-sues-california-over-its-climate-agreement-with-quebec (last visited Feb. 4, 2020) (emphasis added). The United States does not concur in Chairwoman Nichols' legal conclusions.

The United States would be greatly prejudiced by unnecessary delay in this case. This is an important matter, involving as it does the Constitution and the foreign relations of this country. It is also a matter that turns solely on legal issues, as Defendants confirm by their pending cross-motions for summary judgment. The legal system was not designed to make important, purely legal cases suffer through an endless array of *ex parte* applications for enlargement of the schedule. Defendants are parceling their objections, drip by drip. Moreover, Defendants are undermining the finality of this Court's orders by serially rearguing issues that the Court has already decided. This Court should not permit Defendants' behavior.[4]

From the beginning of this litigation, the United States has been transparent that it seeks expeditious relief. The United States first notified Defendants of its intent to move for summary judgment on an expeditious basis on November 12. It followed through on December 11. And it has committed itself to every turn in the schedule—including the requirement that it reply in support of its motion for summary judgment on February 14, only four days after receiving Defendants' opposition to that motion.[5] This Court should call an end to Defendants' serialized requests for more time and set a hearing as quickly as practicable.

For Defendants' new request has no adequate basis. As noted above, the United States has substantial doubt that Defendants could not foresee a cross-motion in December,

---

[4] Defendants incorrectly assert in their Second *Ex Parte* Application that the United States made no claim of prejudice in response to their previous *ex parte* application. *See* Plaintiff United States of America's Response to Defendants' *Ex Parte* Application at 3, line 6 (Dec. 16, 2019) (ECF No. 18) ("The United States would be greatly prejudiced by any delay in this matter.") (hereinafter "United States' Response to First *Ex Parte* Application").

[5] Defendants appear to overlook the fact that February 17 is a federal holiday when they state that the United States' reply in support of its motion for summary judgment would be due that day. Second *Ex Parte* Application at 4. Because of the way Local Rule 230(d) and Fed. R. Civ. P. 6(a)(5) interact, this reply would be due the previous Friday, February 14.

when this Court set a global schedule in response to their previous request for more time.[6] By December 13, when Defendants first applied *ex parte* for an enlargement, they had in hand not only the United States' amended complaint, but also its motion for summary judgment. Their claim that they could not see cross moving coming thus rings hollow. It is consistent, however, with their previous request the United States' motion be taken "off calendar" or moved to June. It is also consistent with their unwillingness in November to agree to a global schedule.[7]

The United States also has substantial doubt that the *amici* to which Defendants refer—and who still have not made themselves known to the Court—could not have sought to participate in December or early January, when EDF, NRDC, and IETA did so. After all, the United States first brought this claim in October. In addition, the United States wonders what these undisclosed potential *amici* could add to the case that the existing intervenors cannot, at the cost of multiplying everyone's workload, including that of the Court. The United States does not see cause to upset the Court's schedule to accommodate these third-party entities, who waited too long to present a glimpse of themselves in well-publicized litigation.

The United States nevertheless recognizes the importance of judicial economy. It also understands that the Court may not want separate hearings on related motions. *See* Local Rule 230(e). But Defendants cannot persuasively explain why they need anything more than the standard two-week enlargement of the schedule to accommodate their cross-motions, even if *amici* should appear. Nor can they persuasively explain why they need an enormous amount of extra time *after* they have filed responses to the United States' motion for summary judgment and their own cross-motions, which surely represent their most acute

---

[6]*See* Order at 2 (Dec. 16, 2019) (ECF No. 19).

[7]*See* United States' Response to First *Ex Parte* Application at 4.

burdens at this point in the litigation. The following schedule, which the United States has already proposed to Defendants,[8] should accommodate all of Defendants' concerns:

- **Monday, February 10**: Defendants file oppositions to the United States' motion for summary judgment and cross-motions for summary judgment;
- **Tuesday, February 18**: *Amici*, if any, submit briefs;
- **Monday, February 24**[9]: The United States files its reply in support of its motion for summary judgment, its opposition to Defendants' cross-motions for summary judgment, and its response(s) to *amici*, if any;
- **Monday, March 2**: Defendants file replies in support of their cross-motions for summary judgment;
- **Monday, March 9**: Hearing.

The United States' proposed schedule is based on Local Rule 230(e). As part of this schedule, the United States has proposed a date for filing *amicus* briefs that accommodates the concern Defendants have identified about the interest of *amici*. (The United States has allowed itself only one week to review any *amicus* filings, to avoid introducing delay into the briefing schedule.)

Nothing but gratuitous delay would be gained by pushing the hearing beyond March 9. Apart from that, the United States' counsel for this hearing, Principal Deputy Assistant Attorney General Jonathan Brightbill, has a long-standing family vacation scheduled for the week of Monday, March 23, during his children's school break.[10] In addition, two of

---

[8] *See* Exhibit 2 to Declaration of Michael S. Dorsi in Support of Defendants' *Ex Parte* Application for Scheduling Order re: Cross-Motions for Summary Judgment at 1, 2 (Feb. 3, 2020) (ECF No. 39-2).

[9] By order of this Court, the hearing on the United States' motion for summary judgment is currently set for February 24. The United States' proposal therefore contemplates a standard two-week enlargement of the schedule to accommodate Defendants' cross-motions and any *amici*.

[10] *See* Declaration of Jonathan D. Brightbill at 1.

Plaintiff United States of America's Response to Defendants' *Ex Parte* Application for Scheduling Order
Re: Cross-Motions for Summary Judgment                                                                                          Page 5

California's counsel in this matter, Ms. Elaine Meckenstock and Mr. Michael Dorsi, expect to be unavailable April 3-7, in Ms. Meckenstock's case, and April 3-6, in Mr. Dorsi's case.

Dated: February 4, 2020.

                                                Respectfully submitted,

/s/ Paul E. Salamanca
JEFFREY BOSSERT CLARK
Assistant Attorney General
JONATHAN D. BRIGHTBILL
Principal Deputy Assistant Attorney General
PAUL E. SALAMANCA
R. JUSTIN SMITH
PETER J. MCVEIGH
STEVEN W. BARNETT
HUNTER J. KENDRICK

Attorneys
Environment & Natural Resources Division
U.S. Department of Justice