|   |   |
|---|---|
| 1 | DELFINO MADDEN O'MALLEY COYLE |
|   | & KOEWLER LLP |
| 2 | MONICA HANS FOLSOM (SBN 227379) |
|   | KRISTIN N. IVANCO (SBN 294993) |
| 3 | 500 Capitol Mall, Suite 1550 |
|   | Sacramento, CA 95814 |
| 4 | Telephone:    (916) 661-5700 |
|   | Facsimile:     (916) 661-5701 |
| 5 | mfolsom@delfinomadden.com |
|   | kivanco@delfinomadden.com |
| 6 |   |
| 7 | *Attorneys for WCI, Inc. Defendants[1]* |

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| THE UNITED STATES OF AMERICA, | CASE NO. 2:19-cv-02142-WBS-EFB |
|---|---|
| Plaintiff, | **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THE WCI, INC. DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT, JOINDER IN THE STATE DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND CROSS-MOTIONS FOR SUMMARY JUDGMENT** |
| v. |   |
| THE STATE OF CALIFORNIA; GAVIN C. NEWSOM, in his official capacity as Governor of the State of California; THE CALIFORNIA AIR RESOURCES BOARD; MARY D. NICHOLS, in her official capacity as Chair of the California Air Resources Board and as Vice Chair and a board member of the Western Climate Initiative, Inc.; WESTERN CLIMATE INITIATIVE, INC.; JARED BLUMENFELD, in his official capacity as Secretary for Environmental Protection and as a board member of the Western Climate Initiative, Inc.; KIP LIPPER, in his official capacity as a board member of the Western Climate Initiative, Inc.; and RICHARD BLOOM, in his official capacity as a board member of the Western Climate Initiative, Inc., |   |
|   | Complaint Filed: October 23, 2019 |
|   | Trial Date:          Not Yet Scheduled |
|   |   |
|   | **Date:**          March 9, 2020 |
|   | **Time:**          1:30 PM |
|   | **Courtroom:**    5 |
|   | **Judge:**         William B. Shubb |
| Defendants. |   |

---

[1] The WCI, Inc. Defendants are Western Climate Initiative, Inc. ("WCI, Inc."); Mary D. Nichols, in her official capacity as Vice Chair and a board member of WCI, Inc.; Jared Blumenfeld, Kip Lipper, and Richard Bloom, in their official capacities as board members of WCI, Inc.

{00142997.7}

## **TABLE OF CONTENTS**

I. Introduction ........................................................................................................................ 1

II. Statement of Facts ............................................................................................................. 2

III. Procedural History ............................................................................................................ 3

IV. Summary Judgment Standard ........................................................................................... 4

V. Legal Arguments ............................................................................................................... 5

    A. Summary Judgment Against the WCI, Inc. Defendants Is Not Proper Because Plaintiff Did Not, and Cannot, Meet Its Burden as the Moving Party to Show the WCI, Inc. Defendants Violated the Treaty Clause or Compact Clause. .......................................... 5

    B. Summary Judgment Against the WCI, Inc. Defendants Is Not Proper Because Plaintiff Fails to Establish that the WCI, Inc. Defendants Are State Actors. ............................... 6

    C. Summary Judgment Should Be Denied as to Plaintiff's Claims Against the WCI, Inc. Board Members Because Plaintiff Presents No Evidence to Establish Claims Against Them Under the Treaty or Compact Clauses ................................................................. 8

    D. The WCI, Inc. Defendants Also Join the State Defendants' Opposition to Plaintiff's Summary Judgment Motion. ........................................................................................ 9

    E. The WCI, Inc. Defendants Are Entitled to Summary Judgment Because Plaintiff Lacks Standing to Assert Claims Against Them Under the Treaty or the Compact Clauses ..... 9

    F. The WCI, Inc. Defendants Are Also Entitled to Summary Judgment Because Plaintiff Cannot Maintain a Valid Claim Against Them Under the Treaty or the Compact Clauses ...................................................................................................................... 11

VI. Conclusion ...................................................................................................................... 11

# TABLE OF AUTHORITIES

**FEDERAL CASES**

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986) ............................................................. 4, 5

*Doff v. Brunswick Corp.*, 372 F.2d 801 (9th Cir. 1966) ............................................................... 4

*Easter v. Am. W. Fin.*, 381 F.3d 948 (9th Cir. 2004) ............................................................. 9, 10

*Fair Hous. Council of Riverside Cty., Inc. v. Riverside Two*, 249 F.3d 1132 (9th Cir. 2001) ................................................................................................................................. 5

*Fontana v. Haskin*, 262 F.3d 871 (9th Cir. 2001) ......................................................................... 5

*Fontenot v. Upjohn Co.*, 780 F.2d 1190 (5th Cir. 1986) ........................................................... 4, 5

*Golden Gate Transactional Indep. Serv., Inc. v. California*, 2019 WL 4222452, at *6 (C.D. Cal. May 1, 2019) ................................................................................................ 11

*Grimmway Enterprises, Inc. v. PIC Fresh Global, Inc.*, 548 F. Supp. 2d 840 (E.D. Cal. 2008) ................................................................................................................... 4, 5

*Hall v. Norton*, 266 F.3d 969 (9th Cir. 2001) ............................................................................. 11

*In re Carrier IQ, Inc.*, 78 F. Supp. 3d 1051 (N.D. Cal. 2015) .................................................... 11

*Lee v. Katz*, 276 F.3d 550 (9th Cir. 2002) .................................................................................... 7

*Lujan v. Defenders of Wildlife,* 504 U.S. 555 (1992). .................................................................. 9

*Mutual Fund Investors v. Putnam Management Co.,* 553 F.2d 620 (9th Cir. 1977) ..................... 4

*Naoko Ohno v. Yuko Yasuma*, 723 F.3d 984 (9th Cir. 2013) ....................................................... 7

*Roberts v. AT&T Mobility LLC*, 877 F.3d 833 (9th Cir. 2017) ..................................................... 7

*Sacks v. Office of Foreign Assets Control*, 466 F.3d 764 (9th Cir. 2006). ................................... 9

*Simon v. E. Kentucky Welfare Rights Org.*, 426 U.S. 26 (1976) ................................................. 11

*Soremekun v. Thrifty Payless, Inc.,* 509 F.3d 978 (9th Cir. 2007) ................................................ 5

*Sutton v. Providence St. Joseph Med. Ctr.*, 192 F.3d 826 (9th Cir. 1999) .................................... 7

*T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626 (9th Cir. 1987) ................................................................................................................................. 4

*Tulalip Tribes of Wash. v. Wash.,* 783 F.3d 1151 (9th Cir. 2015) ................................................ 5

*Zands v. Nelson,* 797 F. Supp. 805 (S.D. Cal. 1992) ................................................................ 4, 5


**STATE CASES**

*Guth v. Loft, Inc.*, 5 A.2d 503 (Del. 1939) ................................................................................ 8, 9

*Italo-Petroleum Corp. of Am. v. Hannigan*, 40 Del. 534 (1940) .................................................. 8

*Skeen v. Jo-Ann Stores, Inc.*, 750 A.2d 1170 (Del. 2000) ............................................................ 8


**FEDERAL STATUTES**

Federal Rules of Civil Procedure, Rule 17(b)(2), ......................................................................... 8

Federal Rules of Civil Procedure, Rule 56(a) .............................................................................. 4

**CALIFORNIA STATUTES**

California Code of Regulations, Title 17, § 95856(f)..................................................................10

California Code of Regulations, Title 17, § 95856(g)..................................................................10

California Code of Regulations, Title 17, § 95940 .........................................................................3

California Code of Regulations, Title 17, § 95943(a)...............................................................3, 10

California Code of Regulations, Title 17, § 96014......................................................................10

**DELAWARE STATUTES**

Delaware Code, Title 8, § 114..........................................................................................................8

Delaware Code, Title 8, § 122(2).....................................................................................................8

Delaware Code, Title 8, § 141..........................................................................................................8

**OTHER AUTHORITIES**

United States Constitution, Article I, § 10, cl. 1 ........................................................................6, 7

United States Constitution, Article I, § 10, cl. 3 ........................................................................6, 7

# I. INTRODUCTION

Plaintiff United States of America ("Plaintiff") moves for summary judgment as to its first and second claims against all defendants,[2] asking this Court to hold that California's Agreement on the Harmonization and Integration of Cap-and-Trade Programs for Reducing Greenhouse Gas Emissions of 2017 with the Canadian province of Quebec ("Agreement") is barred by the Treaty and Compact Clauses of the U.S. Constitution. However, Plaintiff makes no attempt to show how the WCI, Inc. Defendants, including the four individuals sued in their capacities as an officer and board members of WCI, Inc., could have violated, much less did violate, the Treaty Clause or the Compact Clause. Plaintiff proffers no facts or legal authority to adjudicate these claims against the WCI, Inc. Defendants. Indeed, the Motion is based entirely on the State of California's Agreement with Quebec – of which the WCI, Inc. Defendants are not parties – and California's supporting regulations (as to the Compact Clause claim) that the WCI, Inc. Defendants do not implement or enforce.

Plaintiff asserts that its first two claims "can be expeditiously and summarily adjudicated based on the Constitution, California's Agreement, and the undisputed record regarding other statements and admissions by California and its officers." (Plaintiff's Motion for Summary Judgment ("Plf.'s MSJ") at 12:21-23.) Notably absent from this statement is any mention of the WCI, Inc. Defendants. Indeed, Plaintiff's Motion does not address the elements of its claims as to the WCI, Inc. Defendants. In a thirty-six-page motion, aside from a general albeit incorrect summary of WCI, Inc.'s creation in the facts section of its moving brief (Plf.'s MSJ at 6:24-26), Plaintiff references WCI, Inc. on only two occasions, which can be described as a tangential afterthought at best. Not even in its summary of argument section does Plaintiff mention the WCI, Inc. Defendants. (Plf.'s MSJ at 12:25-13:22.) Two passing references to WCI, Inc., and none to the WCI, Inc. board members, are insufficient to meet the moving party's burden to prevail on summary judgment.

---

[2] In addition to the WCI, Inc. Defendants, Plaintiff also sues the State of California; Gavin C. Newsom, in his official capacity as Governor of the State of California; the California Air Resources Board; Mary D. Nichols, in her official capacity as Chair of the California Air Resources Board; and Jared Blumenfeld, in his official capacity as Secretary for Environmental Protection (collectively referred to herein as the "State Defendants").

{00142997.7}                                    1

Plaintiff also fails to establish that the U.S. Constitution confers liability for violations of the Treaty Clause and the Compact Clause on private parties – much less how the WCI, Inc. Defendants engaged in any conduct that would constitute state action for purpose of Article III, Section 10, Clauses 1 and 3. Thus, Plaintiff's Motion for Summary Judgment as to the WCI, Inc. Defendants is fatally flawed for this additional reason and must be denied.

Plaintiff's wholly unsupported attempt to apply Article I's restrictions to the WCI, Inc. Defendants should be rejected; its summary judgment motion should be denied; and summary judgment should be entered for the WCI, Inc. Defendants on both the Treaty Clause and the Compact Clause claims.

## II.   STATEMENT OF FACTS

The WCI, Inc. Defendants—namely, WCI, Inc. and the WCI, Inc. board members (Mary Nichols, Jared Blumenfeld, Kip Lipper, and Richard Bloom)—do not implement or enforce California's cap-and-trade regulations and are not parties to the challenged agreement between California and Quebec. (WCI, Inc. Defendants' Disputed and/or Material Facts ("DMF") 1-9, 11-13; Plaintiff's Statement of Undisputed Facts ("Plf.'s SUF") 48.)

WCI, Inc. is a private, non-profit corporation organized under the laws of Delaware to provide administrative support and technical services to jurisdictions with cap-and-trade programs. (*See* DMFs 1-2.) WCI, Inc. provides administrative and technical services to support implementation of participating jurisdictions' cap-and-trade programs, including through a technical platform for joint allowance auctions and a system for California Air Resources Board ("CARB") to track compliance instruments in entity accounts. (*See* DMFs 7-8, ECF No. 7 at ¶¶ 136, 142; Plf.'s MSJ at 24:10.) WCI, Inc. developed and maintains a computer system that keeps track of allowances and other compliance instruments—recording who holds which instruments and transactions among parties. (DMF 8.) WCI, Inc. performs these services under contract and for remuneration, and CARB had begun using WCI, Inc.'s services in 2012, before it linked its program to Quebec's. (DMFs 9-10; Plf.'s SUF 48.)

WCI, Inc. has no policymaking, regulatory, or enforcement authority, and plays no role in

deciding whether California or Quebec will accept each other's compliance instruments.[3] (DMFs 11-12; *see* ECF No. 7-3 at 1, 3, 5 (describing services WCI, Inc. provides to CARB); *see also* Cal. Code of Regs., tit. 17, §§ 95940, 95943(a). It has no policymaking, regulatory, or enforcement authority. (DMFs 11-12.) WCI, Inc. and the WCI, Inc. board members do not control whether California and Quebec's cap-and-trade programs are linked. (DMFs 11-12.)

The four WCI, Inc. board members—two voting members and two non-voting members—are sued in their capacities as directors of WCI, Inc.[4] (DMF 6.) WCI, Inc.'s Board is comprised of an equal number of directors from each of the jurisdictions to which it provides services – currently California, Quebec, and Nova Scotia. (DMF 3.) As a result, WCI, Inc.'s Board currently has six voting members. (DMF 3.)

### III.   PROCEDURAL HISTORY

Plaintiff filed its Complaint against Defendants on October 29, 2019 and its Amended Complaint on November 19, 2019. (ECF Nos. 1, 7.) The Amended Complaint asserts four causes of action and seeks declaratory and injunctive relief. (ECF No. 7.) On November 19, 2019, the parties filed, and the Court subsequently granted for good cause, a joint stipulation extending the deadline for all Defendants to file responsive pleadings to January 6, 2020. (ECF Nos. 8, 11.)

On December 11, 2019, Plaintiff filed the instant Motion for Summary Judgment as to two of its four claims—under the Treaty and Compact Clauses—and set a hearing date for January 13, 2020. (ECF No. 12.) On December 16, 2019, at Defendants' request, the Court changed Defendants' deadline to respond to Plaintiffs' summary judgment motion to February 10, 2020 and set the hearing on that Motion for February 24, 2020. (ECF No. 19.)

---

[3] For purposes of clarification, WCI, <u>Inc.</u> is distinct from the Western Climate Initiative ("WCI"), a somewhat informal "collaboration of independent jurisdictions working together to identify, evaluate, and implement emissions trading policies to tackle climate change at a regional level" that began in 2007. (*See* http://westernclimateinitiative.org/, last visited Feb. 10, 2020.) Plaintiff proffers no evidence to establish that WCI has ever been a legal entity with the ability to act to form WCI, Inc. or that it is the "parent" of WCI, Inc. in any manner that has legal significance.

[4] While Ms. Nichols is referred to herein as a WCI, Inc. board member, she is sued in her capacity as Vice Chair of WCI, Inc., an officer position under WCI, Inc.'s Bylaws, as well as in her capacity as a board member. (DMF 6.) As such, for purposes of this Opposition and Cross-Motion, all references to the WCI, Inc. board members include Ms. Nichols in her capacity as Vice Chair and an officer of WCI, Inc.

On January 6, 2020, the WCI, Inc. Defendants and Defendant Jared Blumenfeld, in his official capacity as Secretary for Environmental Protection, moved to dismiss themselves as defendants. (ECF No. 25.) On that same day, the remaining State Defendants answered the Amended Complaint. (ECF No. 24.)

On February 6, 2020, in response to competing schedule proposals from the parties, the Court set deadlines for briefing and argument on the parties' cross-motions for summary judgment, with amici briefs supporting Defendants due February 18, 2020, Plaintiff's opposition and reply due February 24, 2020, and Defendants' reply on its cross-motions due March 2, 2020. (ECF No. 43.) The Court scheduled the hearing on the cross-motions for summary judgment for March 9, 2020. (*Id*.)

On February 7, 2010, the Court *sua sponte* reset the hearing on the pending Motion to Dismiss from February 10, 2020 to February 24, 2020. (ECF No. 44.) The initial Scheduling Conference is set to occur on April 27, 2020. (ECF No. 41.)

## IV. SUMMARY JUDGMENT STANDARD

To prevail on summary judgment, the moving party must show "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Mutual Fund Investors v. Putnam Management Co.,* 553 F.2d 620, 624 (9th Cir. 1977); *Doff v. Brunswick Corp*., 372 F.2d 801, 805 (9th Cir. 1966). Material facts are those that might affect the outcome of the case, *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986), as "determined by the substantive law governing the claim or defense." *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987).

Where a plaintiff seeks summary judgment, the burden is to demonstrate affirmatively that there is no genuine dispute of material fact as to each element of the claims for relief, entitling plaintiff to judgment as a matter of law, and to demonstrate the lack of any dispute of material fact as to the affirmative defenses asserted by the defendant. *Fontenot v. Upjohn Co*., 780 F.2d 1190, 1195 (5th Cir. 1986); *Zands v. Nelson,* 797 F. Supp. 805, 808 (S.D. Cal. 1992); *Grimmway Enterprises, Inc. v. PIC Fresh Global, Inc*., 548 F. Supp. 2d 840, 845 (E.D. Cal. 2008). If the moving party meets its initial burden, the nonmoving party "must set forth specific facts showing

that there is a genuine issue for trial" in order to defeat the motion. *See Anderson*, 477 U.S. at 250; *Soremekun v. Thrifty Payless, Inc.*, 509 F.3d 978, 984 (9th Cir. 2007). In particular, where the nonmoving party bears the burden of proof at trial, it must produce "evidence on which the jury could reasonably find for the" nonmoving party. *Anderson*, 477 U.S. at 252.

The court must "view[ ] the evidence in the light most favorable to the nonmoving party[.]" *Fontana v. Haskin*, 262 F.3d 871, 876 (9th Cir. 2001). However, "[c]onclusory, speculative testimony in affidavits and moving papers is insufficient to raise genuine issues of fact and defeat summary judgment." *Soremekun*, 509 F.3d at 984.

Where, as here, the "parties submit cross-motions for summary judgment, each motion must be considered on its own merits." *Fair Hous. Council of Riverside Cty., Inc. v. Riverside Two*, 249 F.3d 1132, 1136 (9th Cir. 2001) (internal quotation marks omitted). Thus, "[t]he court must rule on each party's motion on an individual and separate basis, determining, for each side, whether a judgment may be entered in accordance with the Rule 56 standard." *Id.* "[W]hen simultaneous cross-motions for summary judgment on the same claim are before the court, the court must consider the appropriate evidentiary material identified and submitted in support of both motions, and in opposition to both motions, before ruling on each of them." *Tulalip Tribes of Wash. v. Wash.*, 783 F.3d 1151, 1156 (9th Cir. 2015).

## V.   LEGAL ARGUMENTS

**A.   Summary Judgment Against the WCI, Inc. Defendants Is Not Proper Because Plaintiff Did Not, and Cannot, Meet Its Burden as the Moving Party to Show the WCI, Inc. Defendants Violated the Treaty Clause or Compact Clause.**

Plaintiff is required to establish all elements of each of its claims for relief as to the WCI, Inc. Defendants in order to obtain summary judgment as to them. *Fontenot,* 780 F.2d at 1195; *Zands*, 797 F. Supp. At 808; *Grimmway Enters, Inc.*, 548 F.Supp.2d at 845. Plaintiff has not met this burden. Plaintiff's Motion for Summary Judgment notably fails to set forth any material facts to support each element of the claims at issue against the WCI, Inc. Defendants.

The purported undisputed material facts Plaintiff asserts relate primarily to the State of California and CARB and, specifically, the Agreement between California and Quebec. Plaintiff did not, and cannot, establish that the WCI, Inc. Defendants committed any of the alleged

constitutional violations that purportedly injure Plaintiff. Moreover, Plaintiff proffers no evidence or legal authority to show that the WCI, Inc. Defendants, which consist of a non-profit entity and its board members, could even violate the Treaty or Compact Clauses of the Constitution as a matter of law.

The basis of Plaintiff's first and second claims is the 2017 Agreement between California and Quebec. (ECF No. 7 at ¶¶ 3, 5, 92, 93, 131-133, 135, 176-177, 183-187; Plf.'s MSJ at 1.) However, the WCI, Inc. Defendants did not enter into this Agreement, and they are neither signatories nor parties to it. (*Id.*, Attach. B at 14-17 (signatures); 18 (listing parties); Plf.'s SUF 48; DMFs 2-5, 13.)[5] Plaintiff does not, and cannot, show otherwise. In fact, Plaintiff claims the opposite—namely, that "[t]he Agreement is one of political cooperation *between California and Quebec*" and that "[t]he Agreement binds *California* and *Quebec* and memorializes a series of undertakings *between the two jurisdictions*." (ECF No. 7 at ¶¶ 68, 83 (emphasis added, internal quotation marks omitted); *see also id.* ¶¶ 69-70, 79, 82, 90, 95-96, 98-99, 119, 124, 127-130.) Indeed, the evidence shows that the WCI, Inc. Defendants did not adopt the regulatory provisions to which Plaintiff objects and do not assess a regulated party's compliance with California's cap-and-trade program, enforce the requirements of that program, or accept Quebec-issued instruments.

Plaintiff's Treaty and Compact Clause claims against the WCI, Inc. Defendants fail as a matter of law because Plaintiff has not shown how any actions by these defendants resulted in the deprivation of any constitutional right.

**B.  Summary Judgment Against the WCI, Inc. Defendants Is Not Proper Because Plaintiff Fails to Establish that the WCI, Inc. Defendants Are State Actors.**

A cause of action for violation of the Treaty and Compact Clauses of the United States Constitution are based in state actions – not the actions of private citizens. Both the Treaty and the Compact Clauses are directed against States, not private actors, and apply only to agreements *entered into by States*. *See* U.S. Const., art. I, § 10, cl. 1 ("No *State* shall enter into any Treaty,

---

[5] Ms. Nichols did not sign the Agreement in her capacity as an officer or board member of WCI, Inc. Indeed, the Agreement clearly shows that Ms. Nichols did so in her official capacity as Chair of CARB: directly underneath her signature, the Agreement describes her as "Chair of the California Air Resources Board" and the signature block states that she is signing "FOR THE CALIFORNIA AIR RESOURCES BOARD." (DMF 14.)

Alliance or Confederation…") (emphasis added); *id*., art. I, § 10, cl. 3 ("No *State* shall, without the Consent of Congress…enter into any Agreement or Compact…with a foreign Power…") (emphasis added). The instant Motion provides no basis for liability here because it does not even specify the services WCI, Inc. provides, let alone connect those services to a violation of the Treaty or Compact Clause. Providing "administrative and technical support services" to a state agency cannot make a private actor liable under constitutional provisions that prohibit *States* from entering into certain kinds of agreements. Thus, Plaintiff cannot state a valid claim under either the Treaty Clause or the Compact Clause against the WCI, Inc. Defendants—a non-profit entity and its board members.

In assessing claims that private actors are really "state actors," courts "start with the presumption that private conduct does not constitute governmental action." *Sutton v. Providence St. Joseph Med. Ctr.*, 192 F.3d 826, 835 (9th Cir. 1999). Here, Plaintiff presents no evidence to overcome this presumption. Indeed, Plaintiff has no cognizable legal theory under which the WCI, Inc. Defendants could be "state actors" with respect to conduct in which, as shown above, they are not actors at all. *See Lee v. Katz*, 276 F.3d 550, 555 n.5 (9th Cir. 2002) (noting the importance of identifying the allegedly unconstitutional conduct for which the "state action" claim is made).[6] Nor is it clear how a private actor may become a "state actor" with respect to the Treaty or Compact Clauses, which apply only apply to agreements *entered into by States*, U.S. Const. Art. I, § 10, cl. 1, 3, and generally prohibit certain kinds of *state laws*. In any event, Plaintiff presented no evidence sufficient to support a "state actor" claim. *See Lee*, 276 F.3d at 553–54 (9th Cir. 2002) (recognizing "plaintiffs bear the burden of establishing [these facts] by a preponderance of the evidence"); *Roberts v. AT&T Mobility LLC*, 877 F.3d 833, 8329 (9th Cir. 2017) (recognizing plaintiffs must "show the private defendants were 'state actors'"). Plaintiff's Motion for Summary Judgment as to its first and second claims should be denied as to the WCI, Inc. Defendants because Plaintiff failed to establish they are state actors for purposes of the constitutional violations at issue.

---

[6] Further, where, as here, the operative complaint names actual state officials and agencies and alleges that they are the actors engaged in the offending conduct, it is not clear that the "state actor" inquiry even applies. *See, e.g.*, *Naoko Ohno v. Yuko Yasuma*, 723 F.3d 984, 993 (9th Cir. 2013) (describing the inquiry's role as determining whether the offending conduct should be attributed to the State).

### C. Summary Judgment Should Be Denied as to Plaintiff's Claims Against the WCI, Inc. Board Members Because Plaintiff Presents No Evidence to Establish Claims Against Them Under the Treaty or Compact Clauses.

Each board member owes WCI, Inc. duties and obligations separate and apart from any outside employment or political interests.[7] Del. Code tit. 8, § 141 (2020); *Skeen v. Jo-Ann Stores, Inc.*, 750 A.2d 1170 (Del. 2000). Plaintiff has not proffered any facts that would subject the WCI, Inc. board members to personal liability for any corporate wrongdoing. Plaintiff provides ***no facts*** in the Motion for Summary Judgment that describe specific wrongful acts of the WCI, Inc. board members in their capacities as such. Indeed, the Motion is devoid of any facts regarding the role of the WCI, Inc. board members in the linkage between the respective cap-and-trade programs of California and Quebec. There is no evidence that any of these individuals participated in any of the challenged activities or even had the ability to do so. Nor does Plaintiff offer any legal authority to establish the WCI, Inc. board members' liability for violations of the Treaty or Compact Clauses.

Public policy demands of corporate directors an undivided loyalty to the corporation to the end that there shall be no conflict between duty and self-interest. *Italo-Petroleum Corp. of Am. v. Hannigan*, 40 Del. 534 (1940); *Guth v. Loft, Inc*., 5 A.2d 503 (Del. 1939). These principles are deeply rooted in corporate law and the duties owed regardless of how the director comes to serve in his or her position:

> Corporate officers and directors are not permitted to use their position of trust and confidence to further their private interests. While technically not trustees, they stand in a fiduciary relation to the corporation and its stockholders. A public policy, existing through the years, and derived from a profound knowledge of human characteristics and motives, has established a rule that demands of a corporate officer or director, peremptorily and inexorably, the most scrupulous observance of his duty, not only affirmatively to protect the interest of the corporation committed to his charge, but also to refrain from doing anything that would work injury to the corporation, or to deprive it of profit or advantage which his skill and ability might properly bring to it, or to enable it to make in the reasonable and lawful exercise of its powers.

---

[7] The Delaware General Corporation Code applies to non-profits incorporated under Delaware law, with limited exceptions not applicable here. Del. Code tit. 8, § 114. A corporation's capacity to be sued is determined by the law under which it was organized, Fed. R. Civ. P. 17(b)(2), and under Delaware law, a corporation has the capacity to be sued in its corporate name. Del. Code tit. 8, § 122(2).

*Guth*, 5 A.2d at 510. Indeed, directors are not permitted to vote on matters in which they are interested. Del. Code tit. 8, § 144; *Aronson v. Lewis*, 473 A.2d 805, 816 (Del. 1984).

The Motion for Summary Judgment contains no evidence that could support Plaintiff's standing to bring claims against the WCI, Inc. board members. *See Sacks v. Office of Foreign Assets Control*, 466 F.3d 764, 774 (9th Cir. 2006). Plaintiff's Motion does not connect WCI, Inc.'s board members in their capacities as such to any allegedly wrongful acts, or, indeed, offer any clue why it seeks relief against non-voting board members. Because there is no legal basis to assert the First and Second Causes of Action against these defendants, summary judgment should be denied as to them.

### D.   The WCI, Inc. Defendants Also Join the State Defendants' Opposition to Plaintiff's Summary Judgment Motion.

The WCI, Inc. Defendants also join in the arguments made and opposition filed by the State Defendants to Plaintiff's Motion for Summary Judgment. Although the WCI, Inc. Defendants' analysis may differ in some respects, joinder in the arguments asserted and opposition filed by the State Defendants is appropriate to the extent that the Court does not deny summary judgment as to the WCI, Inc. Defendants on the grounds set forth above. As such, the WCI, Inc. Defendants adopt the State Defendants' arguments and evidence in support thereof by reference.

### E.   The WCI, Inc. Defendants Are Entitled to Summary Judgment Because Plaintiff Lacks Standing to Assert Claims Against Them Under the Treaty or the Compact Clauses.

The WCI, Inc. Defendants—the entity WCI, Inc. and the four named WCI, Inc. board members—are entitled to summary judgment because Plaintiff lacks standing to name them as defendants. To establish Article III standing, a plaintiff must satisfy three requirements. *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560 (1992). First, the plaintiff must show "an invasion of a legally protected interest" constituting an "injury in fact." *Id.* "Second, there must be a causal connection between the injury and the conduct complained of." *Id.* "Third, it must be 'likely,' as opposed to merely 'speculative,' that the injury will be 'redressed by a favorable decision.'" *Id.* at 561 (internal quotation marks omitted). A plaintiff must satisfy these requirements for each named defendant. *Easter v. Am. W. Fin.*, 381 F.3d 948, 961 (9th Cir. 2004). Plaintiff cannot establish the

second and third requirements of standing as to the WCI, Inc. Defendants.

Plaintiff repeatedly asserts throughout its Motion for Summary Judgment that the 2017 Agreement between California and Quebec is the cause of its alleged injuries. However, as explained above, the WCI, Inc. Defendants were not the cause of any injuries Plaintiff alleges as a result of the 2017 Agreement. The WCI, Inc. Defendants did not enter into this agreement, and they are neither signatories nor parties to it.

CARB's decision to accept Quebec-issued instruments as a means of compliance with California's cap-and-trade program was and is California's to make, and the WCI, Inc. Defendants had, and have, no control over it. In addition, CARB, not the WCI, Inc. Defendants, adopted the regulatory provisions to which Plaintiff objects. Further, it is CARB, not the WCI, Inc. Defendants, that assesses a regulated party's compliance with California's cap-and-trade program, enforces the requirements of that program, and accepts Quebec-issued instruments. *See* Cal. Code Regs., tit. 17, §§ 95856(f), (g), 96014, 95943(a). The WCI, Inc. Defendants had no control over those activities, or the authorizing regulations or statutes; thus, the WCI, Inc. Defendants did not cause the injuries Plaintiff alleges result from these activities or these regulations. Moreover, there is no evidence that the services WCI, Inc. provides cause Plaintiff's alleged injuries, much less that these services are unique and could not be provided by another organization or performed by CARB itself.

Plaintiff similarly cannot establish redressability, the third requirement for standing. The WCI, Inc. Defendants have no control over CARB's decisions regarding whether to accept compliance instruments issued by another jurisdiction or whether to sign or withdraw from agreements. Thus, no order directed at the WCI, Inc. Defendants would require CARB to withdraw from the agreement to which Plaintiff objects or prevent CARB from accepting Quebec-issued allowances. Consequently, no order against the WCI, Inc. Defendants would redress the injuries Plaintiff asserts flow from this conduct. This is only underscored by the fact that any order against the WCI, Inc. Defendants would not prevent CARB from replacing WCI, Inc. with another vendor.

Plaintiff, thus, lacks standing to sue the WCI, Inc. Defendants. *See Easter*, 381 F.3d at 961 (where "plaintiffs have failed to link their causes of action with specific actions of [particular] defendants," the plaintiffs "lack standing to sue" those defendants); *see also Simon v. E. Kentucky*

*Welfare Rights Org.*, 426 U.S. 26, 41 (1976) ("[Article III] requires that a federal court act only to redress injury that fairly can be traced to the challenged action of the defendant."); *Hall v. Norton*, 266 F.3d 969, 976–77 (9th Cir. 2001) ("The purpose of the standing doctrine is to ensure that the plaintiff has a concrete dispute with the defendant."). Accordingly, the Court should summarily adjudicate Plaintiff's claims against the WCI, Inc. Defendants in favor of such Defendants. *Golden Gate Transactional Indep. Serv., Inc. v. California*, 2019 WL 4222452, at *6 (C.D. Cal. May 1, 2019) ("[T]here must exist at least one named plaintiff with Article III standing as to each defendant and each claim."); *In re Carrier IQ, Inc.*, 78 F. Supp. 3d 1051, 1069 (N.D. Cal. 2015) ("to hold each defendant in the case, there must be at least one named plaintiff with standing to sue said defendant").

**F.     The WCI, Inc. Defendants Are Also Entitled to Summary Judgment Because Plaintiff Cannot Maintain a Valid Claim Against Them Under the Treaty or the Compact Clauses.**

For the reasons set forth above in Parts V. A-D, *supra*, Plaintiff cannot maintain a valid claim against the WCI, Inc. Defendants for violation of the Treaty Clause or the Compact Clause as a matter of law. As such, summary judgment in their favor is appropriate.

## VI.     CONCLUSION

Plaintiff makes no attempt to show how the administrative and technical services provided by WCI, Inc., or any other conduct by the WCI, Inc. Defendants, caused any injury to Plaintiff. Nor does Plaintiff attempt to show how an order directed against the WCI, Inc. Defendants could redress any injury allegedly suffered from the 2017 Agreement between California and Quebec or the linkage between their cap-and-trade programs. As a consequence, Plaintiff has failed to satisfy its burden to show either the causation or redressability required to establish standing to sue the WCI, Inc. Defendants. Similarly, Plaintiff's discussion of its constitutional claims against the WCI, Inc. Defendants, which spans only a page and does not even address the elements of such claims, likewise fails to show that any valid claims can be brought against the WCI, Inc. Defendants.

///

///

///

As detailed herein, Plaintiff has failed to meet its burden of proof on summary judgment. Accordingly, Plaintiff's Motion must be denied in its entirety. Defendants Cross-Motion for Summary Judgment should be granted on both causes of action.

DATED: February 10, 2020

DELFINO MADDEN O'MALLEY COYLE & KOEWLER LLP

By: /s/ Monica Hans Folsom
MONICA HANS FOLSOM
KRISTIN N. IVANCO
Attorneys for WCI Inc. Defendants