UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| THE UNITED STATES OF AMERICA, | No. 2:19-cv-02142 WBS EFB |
| Plaintiff, | |
| v. | ORDER RE: MOTION TO DISMISS |
| THE STATE OF CALIFORNIA; GAVIN C. NEWSOM, in his official capacity as Governor of the State of California; THE CALIFORNIA AIR RESOURCES BOARD; MARY D. NICHOLS, in her official capacity as Chair of the California Air Resources Board and as Vice Chair and a board member of the Western Climate Initiative, Inc.; WESTERN CLIMATE INITIATIVE, INC.; JARED BLUMENFELD, in his official capacity as Secretary for Environmental Protection and as a board member of the Western Climate Initiative, Inc.; KIP LIPPER, in his official capacity as a board member of the Western Climate Initiative, Inc., and RICHARD BLOOM, in his official capacity as a board member of the Western Climate Initiative, Inc., | |
| Defendants. | |

1

1                           ----oo0oo----

2          Plaintiff United States of America ("United States")
3 brings this action against the State of California and other
4 related individuals and entities alleging California's cap-and-
5 trade program violates, <u>inter alia</u>, the Treaty Clause and the
6 Compact Clause of the United States Constitution.  (<u>See</u> First Am.
7 Compl. ("FAC") (Docket No. 7).)

8          Specifically, the United States seeks a declaration
9 that the Agreement between the Government of California, the
10 California Air Resources Board, and the Governments of Quebec and
11 Ontario, Canada relating to cap-and-trade programs for reducing
12 greenhouse gas emissions ("the Agreement") is unconstitutional.
13 The United States also seeks a declaration that Agreement 11-415,
14 between the California Air Resources Board and Western Climate
15 Initiative, Inc. ("WCI, Inc.") providing for administrative and
16 technical support to the programs, is unconstitutional, and asks
17 the court to permanently enjoin all defendants from operating or
18 implementing both agreements and the supporting California law as
19 applied.

20          Presently before the court is a motion to dismiss for
21 lack of jurisdiction and failure to state a claim, brought on
22 behalf of WCI, Inc., WCI, Inc. board members Mary Nichols, Jared
23 Blumenfeld, Kip Lipper, and Richard Bloom in their capacities as
24 board members, and Jared Blumenfeld in his capacity as Secretary
25 of California's Environmental Protection Agency ("CalEPA").
26 (Docket No. 25.) None of the other defendants contest
27 jurisdiction or the sufficiency of the allegations of the
28 complaint as against them.

The basis of moving defendants' motion to dismiss for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1) is that the United States lacks Article III standing to bring this action against them because the complaint does not show any causal relationship between the injury which plaintiff claims it will suffer and any conduct of the moving defendants.  Because the same issue of causation forms the basis for moving defendants' motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), the court will address both the Rule 12(b)(1) and Rule 12(b)(6) motions together with regard to each of the moving defendants.

        1.   <u>WCI, Inc.</u>

In causes of action one through four of the FAC, the United States alleges California's cap-and-trade program violates the Treaty and Compact Clauses of the United States Constitution, the Foreign Affairs Doctrine, and the Foreign Commerce Clause of the Constitution.  (FAC ¶¶ 156-187.)  While WCI, Inc. was not a signatory to the Agreement, it was a signatory to Agreement 11-415, which acknowledged that WCI, Inc. was established "to provide coordinated administrative and technical support to linked emissions trading programs implemented by the [participating] jurisdictions." (FAC ¶ 142.)

The FAC goes on to allege that in Agreement 11-415 the California Air Resources Board and WCI, Inc. acknowledged that WCI, Inc. "enables cap-and-trade programs to be administered at a lower cost than would be possible with independent administration

by each of the WCI Partner jurisdictions." (Id., ¶ 146.)[1]

The foregoing allegations are sufficient at the pleading stage to present a plausible theory that WCI, Inc.'s conduct in the administration and implementation of the Agreement will have a role in causing or contributing to the injury which the United States seeks to enjoin in this action and that in order for complete relief to be afforded to the United States WCI, Inc. must be subject to any orders for injunctive relief that may be issue in this case against the other defendants. Accordingly, the court will deny WCI, Inc.'s motion to dismiss.

### 2.  WCI, Inc. Board Members

California statutorily provides for two voting members to WCI, Inc.'s board of directors.  See Cal. Gov. Code § 12894(b)(1)(C)-(D).  They are "[t]he Chairperson of the State Air Resources Board," defendant Mary Nichols, and "[t]he Secretary for Environmental Protection," defendant Jared Blumenfeld.[2] Additionally, the law requires an appointee from each chamber of California's legislature to serve on WCI, Inc.'s board as a non-voting member.  See Cal. Health & Safety Code § 12894(b)(1)(A)-(B).  Kip Lipper was appointed to WCI, Inc.'s board by the

---

[1] The Complaint appears to confuse WCI, which is the Initiative itself, and WCI, Inc., which is the non-profit corporation named as a defendant in this action. The court has reviewed the text of Agreement 11-415 and confirmed that the references in the Complaint to "WCI" in Agreement 11-415 are in fact references to WCI, Inc.

[2] Both Nichols and Blumenfeld are also sued in their official capacities as Chair of the Air Resources Board and Secretary of CalEPA. (See FAC ¶¶ 13, 16.) Nichols does not move to dismiss the claim against her as Chair of the Air Resources Board. Blumenfeld's motion to dismiss the claims against him as the Secretary of CalEPA is discussed below.

California Senate Rules Committee, and Richard Bloom was appointed to the board by the Speaker of the California Assembly. (FAC ¶¶ 17-18.) All are sued in their official capacities as board members of WCI, Inc. (Id. ¶¶ 13, 16-18.)

Defendants Nichols and Blumenfeld are statutorily obligated to serve on WCI, Inc.'s board as an extension of their official duties as members of California's government. Cal. Gov. Code § 12894(b)(1)(C)-(D). Suits for prospective injunctive relief are properly brought against individual state agents operating within their official capacities. See Ex parte Young, 209 U.S. 123, 155-56 (1908). Accordingly, the movants' motion to dismiss will be denied as to Nichols and Blumenfeld in their capacity as WCI, Inc. board members.

Lipper and Bloom, however, are non-voting members, and as such cannot act on behalf of WCI, Inc. or its board. It is not alleged that Lipper and Bloom are in "active concert or participation" with the other defendants as non-voting members of WCI, Inc.'s board. Indeed, at the hearing, plaintiff's counsel struggled to describe what an injunction against Lipper and Bloom would actually provide, let alone achieve. (Docket No. 77.) While Nichols and Blumenfeld could influence WCI, Inc. through their votes, neither Lipper nor Bloom are empowered to do anything other than attend meetings and voice their opinions at them. Accordingly, the United States has failed to present a plausible claim for injunctive relief against Lipper and Bloom, and the court will grant movants' motion to dismiss as to them.

3. Secretary for Environmental Protection Blumenfeld

Finally, Jared Blumenfeld, in his official capacity as

5

the Secretary of the CalEPA, argues the adoption and implementation of California's cap-and-trade program was expressly delegated to the Air Resources Board.  <u>See</u> Cal. Health & Safety Code § 38560; <u>see also</u> Cal. Health & Safety Code § 38562(c)(2).  But CalEPA is the parent agency of the Air Resources Board.  <u>See</u> Cal. Gov. Code § 12812.  Blumenfeld is "directly responsible to the Governor for, the operations of each department, office, and unit within the agency."  Cal. Gov. Code § 12850.  While the Air Resources Board may retain a certain degree of independence, Secretary Blumenfeld is statutorily charged with "coordinat[ing] greenhouse gas emission reductions and climate-change activities in state government."  Cal. Gov. Code § 12812.6.  Indeed, he "hold[s] the head of each department [including the Air Resources Board] responsible for management control over the administrative, fiscal, and program performance of his or her department, office, or other unit."  Cal. Gov. Code § 12800(b).

Again, suits for prospective injunctive relief are properly brought against individual state agents.  <u>See</u> <u>Ex parte Young</u>, 209 U.S. at 155-56.  The United States has plausibly alleged its claimed injury -- the usurpation of federal authority to conduct foreign affairs -- is directly attributable to agreements the Air Resources Board signed on behalf of California.  (<u>See</u> FAC ¶ 57, 92-96, 128-133.)  Secretary Blumenfeld's supervisory authority makes him a proper party in this suit.  Accordingly, the court will deny his motion to dismiss in his official capacity as Secretary of CalEPA.

IT IS THEREFORE ORDERED that the motion to dismiss for

1  lack of subject matter jurisdiction and failure to state a claim
2  (Docket No. 25) be, and the same thereby is, GRANTED with respect
3  to defendants Kip Lipper and Richard Bloom, and DENIED with
4  respect to all other parties.
5  Dated:  February 26, 2020

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE