RICHARD M. FRANK (SBN 63482)
Professor of Environmental Practice
SCHOOL OF LAW
UNIVERSITY OF CALIFORNIA
400 Mrak Hall Drive
Davis, CA 95616
Telephone: (916) 217-1292
Facsimile: (530) 752-4704
Email: rmfrank@ucdavis.edu

Attorney for *Amici Curiae* Professors
of Foreign Relations Law

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA
SACRAMENTO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>           Plaintiff,<br>v.<br><br>THE STATE OF CALIFORNIA; GAVIN C. NEWSOM, in his official capacity as Governor of the State of California; THE CALIFORNIA AIR RESOURCES BOARD; MARY D. NICHOLS, in her official capacities as Chair of the California Air Resources Board and as Vice Chair and a board member of the Western Climate Initiative, Inc.; WESTERN CLIMATE INITIATIVE, INC.; JARED BLUMENFELD, in his official capacities as Secretary for Environmental Protection and as a board member of the Western Climate Initiative, Inc.,<br>           Defendants. | Case No. 2:19-cv-02142-WBS-EFB<br><br>PROFESSORS OF FOREIGN RELATIONS LAW'S NOTICE OF MOTION AND MOTION REQUESTING LEAVE TO FILE *AMICI CURIAE* BRIEF; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF; AND ORDER GRANTING MOTION FOR LEAVE TO FILE *AMICI CURIAE* BRIEF OF PROFESSORS OF FOREIGN RELATIONS LAW<br><br>Judge:     Hon. William B. Shubb<br><br>Date:      June 29, 2020<br>Time:      1:30 p.m.<br>Courtroom: 5 (14th Floor)<br><br>Action Filed: October 23, 2019 |

1

## NOTICE OF MOTION AND MOTION

The Professors of Foreign Relations Law identified in the appendix to the accompanying, proposed *Amici Curiae* brief respectfully move the Court for leave to file that *Amici Curiae* brief in support of the second cross-motion for summary judgment of Defendants State of California, et al.  The motion is based on this Notice, the Memorandum of Points and Authorities, and the *Amici Curiae* brief.

*Amici* join the Stipulation and Proposed Order to Shorten Time for Hearing of Motions of Proposed *Amici* for Leave to File Briefs as *Amici Curiae* that is being filed by the State of Oregon.

## MEMORANDUM OF POINTS AND AUTHORITIES

This Court may permit a non-party to participate as *amicus curiae* if it has "unique information or perspective" on an issue raised by the parties, or if such an issue "has potential ramifications beyond the parties…." *NGV Gaming Ltd. v. Upstream Point Molate, LLC*, 355 F. Supp. 2d 1061 (N.D. Cal. 2005).

The extent, if any, to which an *amicus curiae* should be permitted to participate in a pending action is solely within the broad discretion of the district court. *Pennsylvania Environmental Defense Foundation v. Bellefonte Borough,* 718 F. Supp. 431, 434 (M.D. Pa. 1989); *United States v. Gotti,* 775 F. Supp. 1157, 1158 (E.D.N.Y. 1991); *Leigh v. Engle*, 535 F. Supp. 418, 420 (N.D. Ill. 1982).  A court may grant leave to appear as an *amicus* if the information offered is "timely and useful." *Yip v. Pagano*, 606 F. Supp. 1566, 1568 (D.N.J. 1985), *aff'd mem*., 782 F.2d 1033 (3rd Cir.), *cert. denied*, 476 U.S. 1141 (1986).  Absent a statute to the contrary, no distinction is made between the request of a private person for leave to appear as *amicus curiae,* and one by an agent of the government. *Leigh*, 535 F. Supp. at 420.

An *amicus,* of course, is not a party to the litigation and participates only to assist the Court.  Nevertheless, "by the nature of things an *amicus* is not normally impartial." *Gotti,* 755 F. Supp. at 1158 (quoting *Strasser v. Doorley*, 432 F.2d 567 (1st Cir. 1970)).  While the partiality of an *amicus* is a factor to consider in deciding whether to allow participation, "there is no rule … that amici must be totally disinterested." *Concerned Area Residents for the Environment v. Southview Farm*, 834 F. Supp. 1410, 1413 (W.D.N.Y. 1993) (quoting *Hoptowit v Ray*, 682 F.2d 1237, 1260 (9th Cir. 1982)).

District courts frequently welcome amicus briefs from non-parties concerning legal issues that have potential ramifications beyond the parties directly involved or if the amicus has "unique information or perspective that can help the court beyond the help that the lawyers for the parties are able to provide."  *Cobell v. Norton*, 246 F. Supp. 2d 59, 62 (D.D.C. 2003) (*quoting Ryan v. Commodity Futures Trading Comm'n,* 125 F.3d 1062, 1064 (7th Cir. 1997)).

The *amici* Professors of Foreign Relations Law identified individually in the appendix to the accompanying, proposed *Amici Curiae* brief teach and pursue scholarship at numerous law schools throughout the United States.  Individually and collectively, they possess deep and longstanding expertise in the field of foreign relations law, including the various doctrines of foreign affairs preemption that govern the cross-motions for summary judgment in this case.

Proposed *amici* respectfully suggest that the information and analysis contained in the attached *Amici Curiae* brief may assist the Court in its deliberations in this case.

WHEREFORE, the identified Professors of Foreign Relations Law move for an order granting leave to file their *Amici Curiae* brief.

Respectfully submitted,

Dated: May 26, 2020

/s/ Richard M. Frank
Richard M. Frank

Attorney for *Amici Curiae* Professors of Foreign Relations Law

ORDER

On May 26, 2020, Professors of Foreign Relations Law filed a "Motion for Leave to File *Amici Curiae* Brief" in this case. After considering the Motion and responses by the parties, the Court grants the Motion, orders the *Amici Curiae* brief to be filed, and will consider that brief in its deliberation in this case.

IT IS SO ORDERED.

Dated: May 27, 2020

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE